# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDEL FATTAH | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:10-cv-1607 |
| v. | : | |
| MARY SABOL, et al., | : | (JUDGE CAPUTO) |
| Defendants | : | |
| | : | (MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

Presently before the Court are Magistrate Judge Blewitt's Report and Recommendation ("R & R") concerning Plaintiff's Motion to Proceed *in forma pauperis* of August 3, 2010 (Doc. 2) and Plaintiff Abdel Fattah's Objections to the Magistrate Judge's R&R (Doc. 13). Magistrate Judge Blewitt recommended that: (1) Plaintiff's Eighth Amendment claims against the owner, the director, and the medical director of Columbia Care Center, Columbia, South Carolina ("CCC") be dismissed without prejudice or transferred to the United States District Court for the District of South Carolina; (2) Plaintiff's claims challenging the U.S. Immigration and Customs Enforcement's ("ICE") detainment of him and the length of his detainment be dismissed with prejudice since those claims must be brought in habeas petitions; (3) Plaintiff's claims against Defendants Beard and Daube be dismissed with prejudice on similar grounds; (4) Plaintiff's claim that John Doe #1 illegally detained him in ICE custody an extra six months be dismissed with prejudice; (5) Plaintiff's claims against John Doe #1 Department of Homeland Security ("DHS") Director and Defendant Mitra be dismissed with prejudice and that both Defendants be dismissed from the action; (6) Plaintiffs' Eighth Amendment claims and First Amendment claim against

Defendant Sobol be dismissed without prejudice to allow Plaintiff to file an Amended Complaint; and (7) Plaintiff's *in forma pauperis* Motion be granted. Defendant filed his Objections (Doc. 13) to the R&R, and the R&R is now ripe for disposition. This Court will adopt Magistrate Judge Blewitt's recommendations in their entirety for the reasons discussed more fully below.

## **BACKGROUND**

The following is taken largely from Magistrate Judge Blewitt's summary of Plaintiff's allegations in Magistrate Judge Blewitt's Report and Recommendation. On June 17, 2008, Plaintiff was released from the Pennsylvania Department of Corrections to the Department of Homeland Security. Despite a severe illness that required IV tubes to be inserted into his arms at all times, unnamed DHS agents took him to JFK Airport and attempted to have him deported based on an order by Defendant Mitra. After the unlawful deportation attempt failed, Plaintiff was brought to York County Prison ("YCP") in York, Pennsylvania, where Defendant Sabol denied him necessary medical and psychiatric treatment. Plaintiff was also denied clothes and access to the courts for approximately two months, from mid-June to mid-August 2008. Plaintiff was then transferred to CCC due to his medical condition. While at CCC, he was denied medical care and given improper medical treatment, including having the wrong feeding tube inserted into the wrong place and not being given proper pain medication. Plaintiff complained to John Doe Defendants # # 2, 3, and 4, and wrote to John Doe Defendant #1, DHS Director, about his inadequate medical treatment and improper care but none of the Defendants took any action. Plaintiff was also unlawfully held in immigration custody for an extra six months by John Doe Defendant #1 DHS Director. Plaintiff has been forced to lived in unsanitary conditions, subjecting his surgeries to

2

continual risk of infections. Plaintiff brought suit under U.S.C. § 1983, against the state officials, and *Bivens*, pursuant to §1331 against the federal officials, and seeks release from custody, and\or proper medical treatment, nominal, compensatory, and punitive damages, and for the named Defendants to be punished for breaking the law.

## **STANDARD OF REVIEW**

### I. Objections to the Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

3

## II. PLRA

Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995 ("PLRA") obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## III. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant

4

[with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

### I.  **Plaintiff's Eighth Amendment Claims against the CCC Defendants**

Plaintiff's Eight Amendment Claims for denial of proper medical care against John Doe Defendants # # 2, 3, and 4 at CCC will be dismissed. Since Plaintiff's Eighth Amendment claims against the CCC employees arose while he was incarcerated at the CCC in Columbia, South Carolina, venue does not properly lie with the Court. In his Objections to the R&R, Plaintiff stated he wished to withdraw these claims so that they could be filed in the United States District Court for the District of South Carolina. The Court will allow these claims to be withdrawn, and they will be dismissed so that Plaintiff can file them in the proper district court.

## II. Plaintiff's Claims Challenging his Detention by ICE and his confinement by DOC and PA Board

Plaintiff's Claims Challenging his Detention by ICE and his Confinement by DOC and PA Board will be dismissed. Insofar as Plaintiff is challenging the duration of his custody by ICE and Defendant John Doe # 1, and the fact of his confinement by Defendant Beard, the DOC, Defendant Daub, and the PA Board of Probation and Parole ("PA Board"), he must raise these claims in petitions for writ of habeas corpus under §§ 2241 and 2254.

The Third Circuit has held:

> [W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Therefore, Plaintiff's claims challenging the duration of his custody by ICE and the fact of his confinement by DOC and the PA Board, relating solely to the validity of his continued conviction and the fact of his sentence, will be dismissed and should be brought in petitions for writ of habeas corpus.

## III. Plaintiff's Claims against Defendants John Doe # 1, DHS Director, and Mitra, ICE Supervisory Detention Officer

Plaintiff's claims against Defendants John Doe #1 DHS Director and Mitra, ICE Supervisory Detention Officer relating to his allegedly being kept in ICE custody beyond the legally permissible time and the alleged attempt to illegally deport Plaintiff to Egypt will likewise be dismissed and should be brought in petitions for writ of habeas corpus for the

6

same reasons as stated immediately above.

**IV.     Plaintiff's Constitutional Claims against Defendant Sabol**

Plaintiff's claims against Defendant Sabol, the YCP warden, for violations of his Eighth Amendment and First Amendment rights will be dismissed for failure to state a claim.

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). An assertion of inadequate medical care under the Eighth Amendment requires allegations of "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. *Estelle*, 429 U.S. at 104. The official must know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Plaintiff has not shown how Defendant Sabol acted with deliberate indifference towards a substantial risk of serious harm to him, or even that Defendant Sabol was involved in any way in Plaintiff's medical treatment.

To state a claim for cruel and unusual punishment under the Eighth Amendment for failure to provide basic necessities, such as clothing, the condition needs to be shown to have posed a substantial risk of serious harm and the official responsible must be shown to have acted with a culpable state of mind. *Williams v. Klem*, No. 07-1044, 2008 WL 4453100 (M.D. Pa. 2008) (internal citations omitted). Here, Plaintiff has not established how his lack of adequate clothing posed a substantial risk of serious harm nor a culpable state of mind on the part of Defendant Sabol.

In order to state a First Amendment claim for denial of access to the court, the United States Supreme Court has held that a party must state all of the following in their complaint:

(1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher v. Harbury*, 536 U.S. 403 (2002). Here, Plaintiff has not alleged any injury in any court case due to the conduct of Defendant Sobol, and therefore this claim will be dismissed as well.

## **CONCLUSION**

For the foregoing reasons, the Court will adopt Magistrate Judge Blewitt's recommendations. An appropriate order follows.

12/13/10 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDEL FATTAH | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:10-cv-1607 |
| v. | : | |
| | : | |
| MARY SABOL, et al., | : | (JUDGE CAPUTO) |
| | : | |
| Defendants | : | |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| | : | |

## ORDER

**NOW**, this 13th day of December, 2010, after consideration of Magistrate Judge Blewitt's Report and Recommendation (Doc. 8) and of Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. 13), it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** as follows:

(1) Plaintiff's *in forma pauperis* Motion is granted.

(2) Plaintiff's Eighth Amendment claims against the owner, the director, and the medical director of the CCC are dismissed.

(3) Plaintiff's claims challenging his detainment by ICE and the length of his detainment are dismissed with prejudice.

(4) Plaintiff's claims against Defendants Beard and Daube are dismissed with prejudice.

(5) Plaintiff's claim that John Doe #1 illegally detained him in ICE custody an extra six months is dismissed with prejudice.

(6) Plaintiff's claims against John Doe #1 DHS Director and Defendant Mitra are dismissed with prejudice.

(7) Plaintiffs' Eighth and First Amendment claims against Defendant Sobol are dismissed without prejudice.

                                                                 /s/ A. Richard Caputo
                                                                 A. Richard Caputo
                                                                 United States District Judge