**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ABDEL FATTAH,

      Plaintiff,

        v.

MARY SABOL, et al.,

      Defendants.

CIVIL ACTION NO. 3:10-1607

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

      Presently before the Court is the Report and Recommendation of Magistrate Judge Blewitt (Doc. 27) to Plaintiff's Amended Complaint (Doc. 25.)  The Magistrate Judge recommends dismissing, with prejudice, six (6) of the eight (8) counts in Plaintiff's Amended Complaint. (Doc. 27.)  The Magistrate Judge also recommends dismissing, with prejudice, seventeen (17) of the twenty-one (21) Defendants named in the Amended Complaint. (Doc. 27.)  Plaintiff, through counsel, filed numerous objections to the Report and Recommendation.  Because the Court agrees with the Magistrate Judge's recommendations, the Report and Recommendation will be adopted in its entirety.

## I. BACKGROUND

      As set forth in Magistrate Judge Blewitt's Report and Recommendation (Doc. 27), Plaintiff Abdel Fattah's[1] Amended Complaint names as Defendants twenty-one (21) state and federal employees claiming Defendants violated his constitutional rights. (Doc. 25.)[2]

---

[1]      Plaintiff is a prisoner incarcerated by the Pennsylvania Department of Corrections at SCI-Rockview. (Doc. 25.)  Plaintiff was detained at York County Prison from June 17, 2008 through July 25, 2008.  (Doc. 25.)  From July 25, 2008 until approximately March 23, 2009, Plaintiff was detained at the Columbia Care Facility in Columbia, South Carolina. (Doc. 25.)  Plaintiff has been confined in SCI-Rockview since March 24, 2009. (Doc. 25.)

[2]      According to Magistrate Judge Blewitt, the state agent Defendants are: (1) Secretary Jeffrey Beard; (2) Mary Sabol; (3) Deputy Warden Buono; (4) Jennifer Miosi; (5) Jeff Rackovan; (6) Nurse Somich; (7) Dr. Symonds; (8) Corrections Officer (CO) Granlund; (9) CO Yeager; (10) CO Sutton; (11) CO Evans; (12) CO

The Amended Complaint's introduction states that Plaintiff seeks relief from Defendants "in their personal/individual capacities." (Doc. 25.)  The Amended Complaint asserts eight (8) causes of action against all Defendants: (1) Eighth Amendment denial of medical care claim; (2) Eighth Amendment failure to protect claim; (3) Eighth Amendment unconstitutional conditions of confinement claim; (4) Fourth and Eighth Amendment unreasonable searches and seizures claim; (5) Fifth and Fourteenth Amendment due process claim; (6) Fifth and Fourteenth Amendment equal protection claim; (7) Americans with Disabilities Act ("ADA") and Rehabilitation Act claim; and (8) Federal Detention Standards claim. (Doc. 25.)

Pursuant to the Prison Reform Litigation Act, 28 U.S.C. 1915, Magistrate Judge Blewitt screened Plaintiff's Amended Complaint to determine whether Plaintiff properly stated claims for which relief could be granted.  As Plaintiff's claims are predicated on his alleged deprivation of constitutional rights by state and federal employees, the Magistrate Judge screened Plaintiff's state actor claims under § 1983 and Plaintiff's federal actor claims pursuant to § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

On September 14, 2011, Magistrate Judge Blewitt issued a Report and Recommendation ("R & R") recommending that six (6) of the eight (8) claims in Plaintiff's Amended Complaint be dismissed with prejudice. (Doc. 27.)  Magistrate Judge Blewitt also recommends dismissing seventeen (17) of the twenty-one (21) Defendants from the action with prejudice. (Doc. 27.)  The Magistrate Judge recommends, however, that the action proceed against Defendants Rackovan, Somich, Granlund, and Dr. Symonds on the Eighth Amendment denial of proper medical care claim and the Eighth Amendment conditions of confinement claim. (Doc. 27.)

---

March; and (13) Nursa Lama. (Doc. 27, 6 n.8.)  The federal agent Defendants are: (1) Thomas Decker; (2) Joseph Sallemi; (3) Kelly Mitra; (4) Jesse Wildner; (5) Brendan Quinlan; (6) Mark Graham; (7) Matthew Klienman; and (8) Dennis Becotte. (Doc. 27, 4-5.)

2

Plaintiff filed timely objections. (Doc. 28.)  According to Plaintiff, Magistrate Judge Blewitt committed clear error in the following respects: (1) improperly screening Plaintiff's Amended Complaint; (2) improperly characterizing the litigation capacity of Defendants; (3) improperly concluding that Plaintiff failed to allege an exhaustion of remedies; (4) improperly concluding that a number of Plaintiff's allegations were untimely and barred by the statute of limitations; (5) improperly characterizing the claims against Secretary Beard as based on a theory of *respondeat superior*; (6) improperly concluding that Plaintiff failed to sufficiently allege a constitutional violation against Nurse Lamas; (7) improperly concluding that Plaintiff failed to adequately allege a denial of access to the courts claim; (8) improperly finding that Plaintiff failed to sufficiently allege a failure to protect claim; and (9) improperly issuing an opinion on ultimate, well-pleaded issues of fact.

## II. Discussion

### A.      Legal Standards

#### 1.      Legal Standard in Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F.Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D.Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for

clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D.Pa.1998). Therefore, the Court reviews the portions of the Report and Recommendation to which the Plaintiff objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

      **2.**        **Legal Standard for a Motion to Dismiss**

      A court screening a Complaint pursuant to the Prison Reform Litigation Act uses the same standard as it does for a 12(b)(6) motion to dismiss. *See Shover v. York Cty. Prison*, No. 3:11-CV-2248, 2012 WL 720858, at *2 (M.D. Pa. Mar. 1, 2012). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id*.

      "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*.

      Dismissal is therefore only appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element.

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**B.   Plaintiff's Objections**

**1.   Improper Screening**

Plaintiff's first objection, that Magistrate Judge Blewitt improperly screened Plaintiff's Amended Complaint, is without merit.  According to Plaintiff, Magistrate Judge Blewitt's reason for screening Plaintiff's Amended Complaint "was the fact that the Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 USC section 1915." (Doc. 28.) Plaintiff contends that because an administrative order was issued to commence deduction of the filing fee from Plaintiff's prison trust fund account, "there was no need to screen his complaint for the purpose asserted by the Magistrate Judge." (Doc. 28.)

Although Magistrate Judge Blewitt's stated reason for screening Plaintiff's First Amended Complaint was pursuant to § 1915 of the Prison Litigation Reform Act, § 1915A requires the screening of a prisoner's complaint regardless of whether the prisoner seeks to proceed *in forma pauperis*. *Compare* 28 U.S.C. § 1915, *with* 28 U.S.C. § 1915A.  Section 1915A provides that "the court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a . . . officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also Hart v. Whalen*, No. 3:08-CV-00828, 2009 WL 5173487, at *3 (M.D. Pa. Dec. 22, 2009); *Knight v. Simpson*, No. 3:08-CV-0495, 2008 WL 1968762, at *2 (M.D. Pa. May 2, 2008).  As such, the Magistrate Judge properly screened Plaintiff's Amended Complaint.

**2.   Litigation Capacity of Defendants**

Plaintiff objects to Magistrate Judge Blewitt's finding that the Amended Complaint did not clearly identify whether Plaintiff's claims were against Defendants in their individual or

official capacities. (Doc. 27.)   Plaintiff asserts that the "introduction to the Amended Complaint states clearly that the Defendants were being sued in their individual capacities." (Doc. 28.)  The Court agrees with Plaintiff that the Amended Complaint asserts only claims against Defendants in their individual capacities.  As such, the Court need not dismiss any claims for monetary damages against Defendants in their official capacities because none have been alleged.

Plaintiff also seeks, under the litigation capacity objection, to amend his complaint because the Amended Complaint "may not have been clear" that the Seventh Cause of Action was brought against York County Prison, Immigrations and Customs Enforcement ("ICE"), the Pennsylvania Department of Corrections, and SCI-Rockview and that the Eighth Cause of Action was brought against York County Prison and ICE. (Doc. 28.)  Plaintiff asserts that by naming employees of these agencies or institutions, the action was also brought against the agency or institution. (Doc. 28.)

While a district court should give leave to amend a complaint when justice requires, the district court "is not compelled to do so when amendment would be futile." *DelRio-Mocci v. Connolly Prop. Inc.*, No. 09-4541, 2012 WL 592917, at *7 (3d Cir. Feb. 24, 2012).  Here, Plaintiff's proposed amendment to state claims against Pennsylvania's Department of Corrections, York County Prison, and SCI-Rockview would be futile based on the Commonwealth's Eleventh Amendment immunity. *See Walker v. Beard*, 244 Fed. Appx. 439, 440 (3d Cir. 2007) ("because the Pennsylvania Department of Corrections is a part of the executive department of the Commonwealth of Pennsylvania, it shares in the Commonwealth's Eleventh Amendment immunity"); *Lavia v. Pennsylvania Dep't of Corrections*, 224 F. 3d 190, 195 (3d Cir. 2000); *see also  Chilcott v. Erie Cty. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008) (district court properly dismissed suit against county prison under Eleventh Amendment*); Woods v. Pennsylvania Bd. of Prob. & Parole*, No. 08-76J, 2009 WL 1913301, at *3 (W.D. Pa. July 2, 2009) (SCI-Cresson as "an alter ego of the Department of Corrections enjoy[s] sovereign immunity pursuant to the Eleventh Amendment").  Similarly, Plaintiff's proposed amendment to name ICE, a federal agency,

6

as a defendant would be futile because "it is well-settled that the federal government and federal agencies are immune from suit absent a waiver of sovereign immunity." *Riley v. Potter*, No. 08-5167, 2010 WL 125841, at *8 (D. N.J. Jan. 7, 2010) (citing *FDIC v. Meyer*, 510 U.S. 471, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)); *see also Howard v. Bureau of Prisons*, No. 3:05-CV-1372, 2008 WL 318387, at *1 (M.D. Pa. Feb. 4, 2008) ("ADA does not apply to federal agencies").  Thus, Plaintiff will not be granted leave to amend his complaint to state claims against these agencies and institutions.

### 3.    Exhaustion of Administrative Remedies

Plaintiff next objects to Magistrate Judge Blewitt's finding that Plaintiff failed to allege exhaustion of administrative remedies with respect to the present claims. (Doc. 28.)[3] Plaintiff seemingly admits that the Amended Complaint does not allege exhaustion, but Plaintiff justifies this oversight by asserting that Amended Complaint merely supplemented, instead of supplanting, the original pleading. (Doc. 28.)  Plaintiff's Amended Complaint, however, does not specifically incorporate the originally filed complaint. (Doc. 25.)

Although Fed. R. Civ. P. 10(c) allows a statement in a pleading to be adopted by reference in any other pleading, *see* Fed. R. Civ. P. 10(c), "it is well settled that '*an amended complaint supercedes the original version' and renders the original ineffective*," *Laughman ex rel Campbell v. Black & Veatch Corp.,* No. 1:09-CV-0695, 2010 WL 4514318 (M.D. Pa. Nov. 2, 2010), **"*unless the relevant portion is specifically incorporated in the new complaint.*"** *Burhyte v. Fed. Bureau of Prisons*, No. 09-1648, 2009 WL 4729936, at *7 n.2 (D. N.J. Dec. 2, 2009) (emphasis added).

Here, contrary to Plaintiff's position, the filing of an amended complaint supplants the original complaint unless the amended complaint expressly incorporates the provisions of the original complaint.  *See id*.  A review of Plaintiff's pleading makes clear that the original complaint was not incorporated into the Amended Complaint.  As such, Magistrate Judge

---

[3]    The original complaint clearly indicates that Plaintiff exhausted his administrative remedies. (Doc. 1.)

Blewitt correctly identified that the Amended Complaint does not allege exhaustion of Plaintiff's administrative remedies.

Nevertheless, Plaintiff will be granted leave to amend his pleadings.  Because "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), Plaintiff's counsel's failure to allege exhaustion would likely be fatal to the remaining claims.  As the Court finds it inequitable to punish Plaintiff for his counsel's misunderstanding of the Federal Rules of Civil Procedure, Plaintiff will be granted leave to file a second amended complaint.  Leave to amend, however, will be limited to permitting counsel to allege exhaustion of Plaintiff's administrative remedies.

### 4.     Statute of Limitations

#### a.     Dismissal of Defendants Sabol, Buono, Miosi, Klienman, Decker, Mitra, Sallemi, Dr. Becotte, and John/Jane Doe

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss the claims against Defendants Sabol, Buono, Miosi, Klienman, Decker, Mitra, Sallemi, Dr. Becotte, and John/Jane Doe as untimely.  According to Magistrate Judge Blewitt, the claims against these Defendants all accrued between June 20, 2008 and July 24, 2008. (Doc. 27.)  As Plaintiff did not commence this civil action until July 29, 2010, the Magistrate Judge concluded Plaintiff's claims are untimely pursuant to Pennsylvania's two-year statute of limitations for *Bivens* and § 1983 actions. (Doc. 27.)

Plaintiff objects to the Magistrate Judge's conclusion that the statute of limitations period commenced before August of 2008.  Instead, Plaintiff alleges that the statute of limitations was tolled until either October or December of 2008 because Plaintiff sought habeas relief during that time which "asserted the claims raised in this action." (Doc. 28.) Plaintiff's theory is premised on his belief that "the issue as to whether the Plaintiff's claims had to be pursued by a civil rights action as opposed to habeas was not resolved until, at the earliest, October 6, 2008." (Doc. 28.)

Contrary to Plaintiff's suggestion, the issue as to whether the relief sought by Plaintiff in this litigation, which is *identical* to the relief sought in the 2008 habeas action, was settled long before October or December of 2008.  Indeed, as the Supreme Court noted in 1973, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  Or, stated more recently by the Third Circuit:

> whenever the challenge ultimately attacks the 'core of habeas' -the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. *Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.*

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (emphasis added).  As Plaintiff's habeas action only asserted the issues "raised in this action" implicating the conditions of Plaintiff's confinement, the action clearly had to be filed as a civil rights actions and Plaintiff's claim to the contrary lacks merit.  Because Plaintiff's original complaint was signed on July 29, 2010 and filed on August 3, 2010- over two-years after the claims against these Defendants accrued- the claims are barred by the statute of limitations. (Doc. 27.)[4]  The Court will adopt Magistrate Judge Blewitt's recommendation and dismiss the claims against these Defendants with prejudice.

---

[4]        Furthermore, it is unclear whether the filing of a federal habeas petition tolls the statute of limitations for a § 1983 action. *See, e.g., Lawrence v. Cooper*, 398 Fed Appx. 884, 887 (4th Cir. 2010) (district court properly rejected the plaintiff's contention that "the statute of limitations for his § 1983 action was tolled while his federal habeas petition was pending"); *Salas v. Pierce*, 297 Fed. Appx. 874, 877 (11th Cir. 2008) (district court did not err by refusing to toll statute of limitations because the plaintiff failed "to show how his pending habeas petition created an extraordinary circumstance so that he could not file his § 1983 action"); *Montoya v. Jones*, 118 Fed. Appx. 797, 798-99 (5th Cir. 2004) (district court did not abuse discretion in refusing to toll statute of limitations during pendency of federal habeas application because the plaintiff failed to demonstrate "he was prevented from pursuing his § 1983 civil rights claim by the pendency of his state or federal habeas proceedings").

### b.    Dismissal of Defendants Wildner, Quinlan, and Graham

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss Defendants Wildner, Quinlan, and Graham based on the untimeliness of Plaintiff's claims. (Doc. 28.)  Additionally, Plaintiff objects to the Magistrate Judge's finding that the Amended Complaint adding these Defendants did not relate back to the original complaint. (Doc. 28.) Plaintiff asserts that these Defendants were identified as John Does in the original complaint and that once their identities were ascertained, they were named in the Amended Complaint. (Doc. 28.)  However, even though the Magistrate Judge concluded that the claims in the Amended Complaint did not relate back, Magistrate Judge Blewitt properly recognized that even if the claims related back to the filing of the original complaint, "they would still be time barred since they accrued on June 17, 2008 and Plaintiff did not file the original complaint until August 3, 2010." (Doc. 27.)

Magistrate Judge Blewitt correctly determined that Plaintiff's claims against Defendants Wildner, Quinlan, and Graham are barred by statute of limitations.  The only allegations against these Defendants in Plaintiff's Amended Complaint involve the attempted deportation of Plaintiff on June 17, 2008. (Doc. 25.)  No other allegations are made against these Defendants.  Thus, any constitutional violations against Plaintiff that occurred during the attempted deportation by these Defendants accrued on June 17, 2008. And, as a two-year statute of limitations applies to these claims, *see Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78-79 (3d Cir. 1989), Plaintiff's claims against Defendants Wildner, Quinlan, and Graham are time barred- even if Plaintiff's original complaint is the applicable filing- as the original complaint was filed over two-years after June 17, 2008.  Because "a district court may *sua sponte* dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1), where it is apparent from the complaint that the applicable limitations period has run," *Hunterson v. Disabato*, 244 Fed. Appx. 455, 457 (3d Cir. 2007), Magistrate Judge Blewitt's recommendation to dismiss all claims against Defendants Wildner, Quinlan, and Graham as untimely will be adopted.  Because all claims against these Defendants will be dismissed as untimely, the Court need not address Plaintiff's objection to the Magistrate Judge's

findings that Plaintiff failed to allege any constitutional violations by Defendants Wildner, Quinlan, and Graham.

### c.    Dismissal of Due Process and Equal Protection Claims

Plaintiff objects to Magistrate Judge Blewitt's recommendation to dismiss Plaintiff's Fifth Cause of Action (due process) and Sixth Cause of Action (equal protection).  The basis of Plaintiff's objections to these findings are "inasmuch as the Magistrate Judge's untimeliness finding regarding the other defendants was without foundation, Plaintiff continues to assert this claim." (Doc. 28.)[5]  As set forth above, Magistrate Judge Blewitt did not err in recommending dismissal of these claims as untimely.  The Court will therefore adopt the Magistrate Judge's recommendation and dismiss the due process and equal protection claims as to all Defendants with prejudice.

### 5.    Dismissal of Secretary Beard

Magistrate Judge Blewitt recommends dismissing Defendant Secretary Beard on the basis that the Secretary "is impermissibly named as a party only on *respondeat superior.*" (Doc. 27.)  Plaintiff objects to this finding and asserts that "this defendant was named as a defendant in this action, not because he is the Secretary of a state agency, but because his conduct led to injury to the Plaintiff," including his failure to comply with a court order directing Plaintiff be provided with gastric surgery. (Doc. 28.)

Plaintiff's position does not find support in his pleadings.  Here, Plaintiff's Amended Complaint fails to contain any allegations regarding Secretary Beard's non-compliance with a court order to provide Plaintiff with gastric surgery.  And, "'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor, Co.*, 745 1101, 1107 (7th Cir. 1984).  As Plaintiff's Amended Complaint contains no allegations of Secretary Beard's personal involvement in Plaintiff's claimed

---

[5]    Plaintiff made no objection to the dismissal of the due process or equal protection claims against Defendants Rackovan, Somich, Granlund, and Dr. Symonds. (Doc. 28.)

deprivations of constitutional rights, the Court agrees with the Magistrate Judge that Secretary Beard is impermissibly named as a Defendant based only on *respondeat superior*.   The Court will adopt the Magistrate Judge's recommendation and dismiss Secretary Beard from the action with prejudice.

Moreover, Plaintiff will not be granted leave to amend his pleadings to allege personal involvement on behalf of Secretary Beard because amendment would be futile. *See DelRio-Mocci v. Connolly Prop. Inc.*, No. 09-4541, 2012 WL 592917, at *7 (3d Cir. Feb. 24, 2012).   Although Plaintiff asserts that Secretary Beard authorized Plaintiff's transfer to ICE, Plaintiff's Amended Complaint makes clear that Plaintiff was released from the Pennsylvania Department of Corrections pursuant to "a removal order issued by the immigration court on or about January 25, 2002." (Doc. 25.)   Thus, any claim against Secretary Beard in his individual capacity under these facts would be impermissibly premised on a theory of *respondeat superior*. *See Royster v. Beard*, 308 Fed. Appx. 576, 580 (3d Cir. 2009) ("defendant in a civil rights action must have a personal involvement in the alleged wrong; liability cannot be predicated solely on the operation of *respondeat superior*"); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). And, an attempt by Plaintiff to amend his pleadings to allege claims against Secretary Beard in his official capacity would be futile as the claims would be barred by the Eleventh Amendment. *See, e.g., Walker v. Beard*, 244 Fed. Appx. 439, 444 (3d Cir. 2007) (claims against Secretary of Department of Corrections "in his official capacity are considered to be against the state itself and are barred by the Eleventh Amendment").   Plaintiff, therefore, will not be given leave to amend his claims as against Secretary Beard.

### 6.    Dismissal of Nurse Lamas

Plaintiff objects to Magistrate Judge Blewitt's recommendation to dismiss Nurse Lamas. (Doc. 28.)   The Magistrate Judge recommends dismissal because "Plaintiff only alleges that Defendant Nurse Lamas insulted and embarrassed him, and verbally harassed him." (Doc. 27.)   Although Plaintiff concedes that insults are generally insufficient to establish constitutional violations, Plaintiff contends that this rule is not absolute. (Doc. 28.)

12

In the Third Circuit, Plaintiff's "allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983." *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3d Cir. 2006).  However, a constitutional claim may be established when the verbal threat or harassment is accompanied by a reinforcing act "escalat[ing] the threat beyond mere words." *Milhouse v. Gee*, No. 1:CV-09-02134, 2011 WL 3627414, at *15 (M.D. Pa. Aug. 17, 2011).  Plaintiff's allegations against Nurse Lamas are limited to verbal insults and embarrassing comments directed at Plaintiff in the company of other inmates and SCI-Rockview employees on September 14, 2010. (Doc. 25.)  Plaintiff makes no allegations against Nurse Lamas other than these insults on September 14, 2010, nor does Plaintiff allege that Nurse Lamas' insults were accompanied by a reinforcing act escalating the insults beyond words.  As such, the Magistrate Judge correctly concluded that Plaintiff's Amended Complaint fails to state a claim against Nurse Lamas.

### 7.    Dismissal of Access to Courts Claim

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss the Fourth Cause of Action. (Doc. 28.)[6]   Plaintiff claims Magistrate Judge Blewitt erred in recommending dismissal because Plaintiff's Amended Complaint made clear that Defendants' conduct impacted pending legal proceedings. (Doc. 28.)

The Court will adopt Magistrate Judge's Blewitt's recommendation to dismiss the

---

[6]     The Fourth Cause of Action is identified as a claim for violation of Plaintiff's "Fourth Amendment and Eighth Amendment Right to Protection from Unreasonable Searches and Seizures." (Doc. 25.)  The allegations in the Amended Complaint, however, assert a violation of Plaintiff's right of access to the courts, (Doc. 25), which is generally raised as a First Amendment claim. *See, e.g., Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 741, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983); *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  Thus, because a claim based on an unreasonable search and seizure of legal materials in Plaintiff's prison cell would likely be unsuccessful, *see, e.g., Hudson v. Palmer*, 468 U.S. 517, 526, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) ("the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell"), the Court will construe Plaintiff's claim as a cause of action for violation of his right of access to the courts under the First Amendment.

Fourth Cause of Action in its entirety.  An inmate claiming denial of access to the courts must show actual injury, "which generally arises only if a non-frivolous claim was lost due to a defendant's actions." *Hoffenberg v. Bumb*, 446 Fed. Appx. 394, 398 (3d Cir. 2011) (citing *Christopher v. Henry*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). Plaintiff's Amended Complaint is identical to the deficient complaint dismissed in *Monroe*, where the Third Circuit stated:

> defendants confiscated all of the plaintiff's contraband and non-contraband legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal notes. In their initial pleadings, the plaintiffs' claims rested solely on the ground that the defendants confiscated their legal materials . . . . That claim, on its face, was insufficient to state a claim . . . . So too were their subsequent amendments, *which alleged that they lost the opportunity to pursue attacks on their convictions and civil rights claims but did not specify facts demonstrating the claims were nonfrivolous.  Nor did they maintain that they had no other remedy to compensate them for their lost claims*.

*Monroe*, 536 F.3d at 206 (emphasis added).  Here, Plaintiff alleges that his legal materials were confiscated, but Plaintiff fails to specify facts that the frustrated claims were nonfrivolous or that Plaintiff had no other means to seek redress. (Doc. 25.)  As such, the right of access to the courts claim will be dismissed with prejudice.

###        8.      Dismissal of Failure to Protect Claim

Plaintiff's also objects to the Magistrate Judge's R & R recommending dismissal of Plaintiff's Eighth Amendment failure to protect claim against Defendants Rackovan, Somich, Granlund, and Dr. Symonds. (Doc. 28.)  Magistrate Judge Blewitt concluded that Plaintiff did not adequately allege a failure to protect claim because Plaintiff's sole averment was that he notified Defendant Rackovan of the use of excessive force by staff when he was placed in a restraint chair for feeding and that the use of force caused Plaintiff pain. (Doc. 27.)

The Court will adopt Magistrate Judge Blewitt's recommendation to dismiss the failure to protect claim in its entirety.  First, Plaintiff's Amended Complaint contains no allegations that Defendants Somich, Granlund, or Dr. Symonds had personal involvement or knowledge of any excessive risk to Plaintiff's health or safety.  Thus, the lack of personal

involvement mandates dismissal of the failure to protect claim as to these Defendants. *See, e.g., Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (defendant in a civil rights action "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved").

Second, as to Defendant Rackovan, Plaintiff's sole allegation is that Defendant Rackovan was aware that prison staff used force to place Plaintiff in a restraint chair.  To state an Eighth Amendment failure to protect claim, "a plaintiff must allege that prison officials were deliberately indifferent to his health and safety." *Carter v. Lawler*, 446 Fed. Appx. 420, 423 (3d Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).  A prison official can only be liable if he or she "knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Plaintiff's Amended Complaint is wholly inadequate to support a failure to protect claim against Defendant Rackovan.  Plaintiff does not allege that the prison staff's use of force to place Plaintiff in a restraint chair involved an "excessive risk" to Plaintiff's health or safety.  Nor does Plaintiff allege sufficient facts that would allow for a subjective inference of a "substantial risk of serious harm" to be drawn.  Instead, Plaintiff simply asserts that Defendant Rackovan was informed of the "physical pain" Plaintiff endured. (Doc. 25.)  Such a broad, unsubstantiated allegation is insufficient to adequately state an Eighth Amendment failure to protect claim.  The Second Cause of Action will be dismissed it its entirety.

### 9.  Ultimate Issue

Plaintiff's final objection to Magistrate Judge Blewitt's recommendation is based on the Magistrate Judge's alleged "improper determination of the ultimate issues of fact based on the content of the pleadings." (Doc. 28.)  The Court disagrees with Plaintiff and finds that the Magistrate Judge properly screened the Amended Complaint for the adequacy of Plaintiff's pleading without making determinations as to ultimate issues of fact.  As such, the

Magistrate Judge did not err in recommending the dismissal of the majority of Plaintiff's claims.

**C.      Denial of Proper Medical Care and Conditions of Confinement Claims**

Magistrate Judge Blewitt recommends that Plaintiff be permitted to proceed with his Eighth Amendment denial of proper medical care and conditions of confinement claims (First and Third Causes of Action) as against Defendants Rackovan, Somich, Granlund, and Dr. Symonds. (Doc. 27.)  Plaintiff does not object to this recommendation.  As the Court does not find this recommendation to be clearly erroneous, *see Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D.Pa.1998), Plaintiff will be allowed to proceed on these claims against Defendants Rackovan, Somich, Granlund, and Dr. Symonds.

### III. Conclusion

For the above stated reasons, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation (Doc. 25.)  Plaintiff will be granted leave to amend the Amended Complaint to allege Plaintiff exhausted his administrative remedies prior to commencing this action.  The Amended Complaint will be dismissed with prejudice as against all Defendants except Defendants Rackovan, Somich, Granlund, and Dr. Symonds.  As to these remaining Defendants, Plaintiff may proceed only on the First and Third Causes of Action in the Amended Complaint.  All other claims against the remaining Defendants will be dismissed with prejudice.

An appropriate order follows.


 March 23, 2012                                    /s/ A. Richard Caputo
Date                                                       A. Richard Caputo
                                                              United States District Judge