IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDEL FATTAH, | : | CIVIL ACTION NO. **3:CV-10-1607** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.    BACKGROUND**

On August 3, 2010, Plaintiff Abdel Fattah,[1] an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, initially filed, *pro se*,[2] the instant civil rights action, in part under *Bivens*,[3] pursuant to 28 U.S.C. § 1331. Plaintiff's action was also filed under §1983 since he sought damages from state actors for alleged violations of his constitutional rights. *See Parratt*

---

[1] Plaintiff Fattah also filed other action with this Court, namely, Civil No. 03-1314, 03-2169, 04-2346, 08-MC-164 and 11-0985. On August 22, 2011, we issued an R&R in Fattah's case number 11-0985, his Habeas Corpus Petition pursuant to 28 U.S.C. § 2254, and we recommended that Fattah's Habeas Petition be denied.

[2] Counsel for Plaintiff entered an appearance on November 12, 2010. (Doc. 12).

[3] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff Fattah's instant action fell under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case was a *Bivens* action since Plaintiff sought monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

*v. Taylor*, 451 U.S. 527 (1981); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). (Doc. 1). Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2).

Defendants named in Plaintiff's original Complaint were: John Doe #1, Director, Dept. of Homeland Security ("DHS"); Kelly A. Mitra, Supervisory Detention Officer, U.S. Immigration and Customs Enforcement ("ICE") at York County Prison; Cynthia L. Daub, Board Secretary at PA Board of Probation and Parole ("PA Board"); Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"); John Doe #2, Owner of Columbia Care Center, Columbia, South Carolina ("CCC"); John Doe #3, Director of Columbia Care Center, Columbia, South Carolina; John Doe #4, Medical Director at Columbia Care Center, Columbia, South Carolina; and Mary Sabol, Warden, York County Prison ("YCP"). (Doc. 1).

On September 21, 2010, we screened Plaintiff's original Complaint as required under the PLRA and we issued a Report and Recommendation. (Doc. 8). We recommended that all of Plaintiff's Eighth Amendment claims against Defendants John Doe Defendants # 2, owner of CCC, #3, Director of CCC, and #4, Medical Director at CCC be dismissed without prejudice to Plaintiff filing them in the United States District Court for the District of South Carolina. In the alternative, we recommended that all of Plaintiff's claims against the stated three (3) CCC Defendants be transferred to the United States District Court for the District of South Carolina. We recommended that Plaintiff's claims challenging the duration of ICE's detainment of him and the fact or length of his confinement in state prison be dismissed with prejudice since they must be brought in a § 2254 habeas petition and a §2254 habeas petition, respectively. We

recommended that Defendant Beard and Defendant Daub be dismissed with prejudice since Plaintiff was only challenging the fact or length of his confinement in state prison, *i.e.* he alleged that Defendant Daub improperly rescinded his parole and that Daub along with Defendant Beard were keeping him in DOC custody without legal justification. Also, we recommended that insofar as Plaintiff alleged that Defendant John Doe #1 was illegally detaining him in ICE custody an extra six (6) months, this claim be dismissed with prejudice since Plaintiff must raise this claim in a §2254 habeas petition.

Further, we recommended that Plaintiff's claim that defendant John Doe #1 DHS Director and Defendant Mitra tried to illegally deport him to Egypt based on his medical condition and that ICE was relying on "false information and travel documents" be dismissed with prejudice, since these claims must be raised in a § 2241 habeas petition. We also recommended that Defendant John Doe #1 DHS Director and Defendant Mitra be dismissed entirely from this action.

Additionally, we recommended that Plaintiff's Eighth Amendment denial of proper medical care claim, his Eighth Amendment condition of confinement claim, and his First Amendment denial of access to courts claim against Defendant Sabol be dismissed without prejudice to allow Plaintiff to file an Amended Complaint regarding his constitutional claims arising at York County Prison. Finally, we recommended that Plaintiff's *in forma pauperis* Motion (Doc. 2) be granted.

On December 13, 2010, the District Court issued a memorandum and Order and adopted our Report and Recommendation. (Doc. 17). *See Fattah v. Doe*, 2010 WL 5147449

(M.D. Pa.) (CV-10-1607). Because Plaintiff's Eighth Amendment denial of proper medical care claim, his Eighth Amendment condition of confinement claim, and his First Amendment denial of access to courts claim against Defendant Sabol were dismissed without prejudice, we calendared this case to allow Plaintiff to file an Amended Complaint as against only Defendant Sabol. We gave Plaintiff thirty (30) days from the date of the District Court's Order to file his Amended Complaint against Defendant Sabol, and he failed to timely file his amended pleading or request more time within which to do so. Thus, we construed Plaintiff as willfully abandoning his action.

Therefore, on January 18, 2011, we issued a second Report and Recommendation, recommending that this action be dismissed without prejudice on the basis of Plaintiff Fattah's failure to comply with the Court's December 13, 2010 Order. (Doc. 18). It was also recommended that Plaintiff's case be dismissed without prejudice on the basis of his failure to prosecute his action by filing his Amended Complaint against Defendant Sabol. (*Id.*). Plaintiff filed objections to our R&R.

On July 25, 2011, the Court issued an Order rejecting our January 18, 2011 Report and Recommendation stating that Plaintiff's failure to timely file his Amended Complaint appeared not to be willful. (Doc. 24). The Court afforded Plaintiff thirty (30) days to file his Amended Complaint, and recommitted this case to the undersigned.

On August 24, 2011, Plaintiff filed, through counsel, his lengthy 34-page Amended Complaint. (Doc. 25). Plaintiff names the following twenty-one (21) Defendants: Mary Sabol, Warden of York County Prison ("YCP"); Jeffrey Beard, Secretary of the Pennsylvania Department

of Corrections ("PA-DOC"); Thomas Decker, Field Office Director, Department of Homeland Security ("DHS"), Philadelphia Filed Office; Deputy Warden Buono, York County Prison; Joseph Sallemi, IHP Director, DHS at York County Prison detention facility; Kelly Mitra, Supervisory Detention and Deportation Officer for the DHS and U.S. Immigration and Customs Enforcement ("ICE"); Jennifer Miosi, employee of Prime Care Incorporated; Jesse Wildner, deportation officer, DHS, ICE; Brendan Quinlan, Deportation Officer, DHS, ICE; Mark Graham, Deportation Officer DHS, ICE; Matthew Klienman, Mental Health Coordinator for the Division of Immigration Health Services; Dennis Becotte, licensed psychologist; Jeff Rackovan, supervisory employee of the PA-DOC at SCI-Rockview; Nurse Somich; Dr. Symonds; Corrections Officer ("CO") Granlund; CO Yeager; CO Sutton; Nurse Lamas; CO Evans; and CO March.  (Doc. 25, pp. 3-7).

Plaintiff's Amended Complaint alleged numerous violations of his constitutional rights and it asserted claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. and the Rehabilitation Act, 29 U.S.C. §794, *et seq*.  It was brought under §1331 and §1983 as well as under the ADA and Rehabilitation Act.  This Court has jurisdiction over this action under §1331 and §1343.

On September 14, 2011, we issued a third Report and Recommendation on Plaintiff's Amended Complaint. (Doc. 27). On March 23, 2012, the Court issued a Memorandum and Order adopting our third Report and Recommendation, stating:

> **IT IS HEREBY ORDERED** that:
>
> (1) The Report and Recommendation (Doc. 25) is **ADOPTED**.
> (2) All claims against the following Defendants are **DISMISSED with prejudice**: Mary Sabol, Jeffrey Beard; Thomas Decker; Deputy Warden Buono; Joseph Sallemi; Kelly Mitri; Jennifer Miosi; Jesse

5

        Wildner; Brendan Quinlan; Mark Graham; Matthew Klienman; Dennis Becotte; Corrections Officer Yeager; Corrections Officer Sutton; Corrections Officer Evans; Corrections Officer March; and Nurse Somich. These Defendants are **DISMISSED** from the action entirely.

(3) Plaintiff's Second, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action against Defendants Rachovan, Somich, Granlund, and Dr. Symonds are **DISMISSED with prejudice**. Plaintiff may proceed with the First Cause of Action (Eight Amendment denial of medical care claim) and Third Cause of Action (Eighth Amendment conditions of confinement claim) as to these Defendants.

(4) Plaintiff is grated **twenty-one (21) days** to amend the Amended Complaint to allege exhaustion of Plaintiff's administrative remedies.

(5) This case is **RECOMMITTED** to Magistrate Judge Blewitt for further proceedings.

(Doc. 35, p. 1).

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Nelson v. Dauphin County* Prison, 2009 WL 4269087 (M.D. Pa.). *Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1959 (2007) (citing

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, "[a] party must state its claims ... in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Plaintiff's original Complaint did not meet the requirements of the Federal Rules of Civil Procedure as detailed in our Report and Recommendations filed on September 21, 2010, January 18, 2011, and September 14, 2011, and detailed also in the Court's Memorandum and Order issued on March 23, 2012.  As stated, Plaintiff was afforded twenty-one (21) days from the date of the March 23, 2012 Order to amend his Amended Complaint. (Doc. 35).  Plaintiff was also advised which of his claims he could raise in his Amended Complaint. (*Id.*).  However, Plaintiff failed to file an amendment to his Amendment Complaint, and, thus, failed to state a claim in conformance with Federal Rule of Civil Procedure 8(a) (2) and 10(b).

Furthermore, Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added).  In the instant case, Plaintiff has failed to both prosecute his action and to comply with the Orders of this Court by his failure to timely file his Amended Complaint.  Plaintiff has taken no action with respect to his case aside from a Request to Cease and Desist Collection of Court Cost and Refund, which has nothing to do with the actual merits of the case.

The behavior of Plaintiff constitutes a willful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with

this Court's March 23, 2012 Order directing Plaintiff to file an amended complaint by April 13, 2012. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).

Therefore, we shall recommend that this case be dismissed due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's Orders. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984) is required before recommending that this case be dismissed with prejudice under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> [T]he factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility;

> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. His inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find that Plaintiff's stated conduct in delaying his case is attributed to him personally. We gave Plaintiff an additional twenty-one (21) days from the date of our March 23, 2012 Order to file his Amended Complaint. Plaintiff was required to have filed his Amended Complaint by April 13, 2012. Plaintiff has not filed any type of pleading aside from a March 28, 2012 "Motion to Cease and Desist Collection of Court Costs and Refund" in over eight (8) months, and he has given no indication that he intends to pursue his action. In fact, Plaintiff's Motion to Cease and Desist Collection of Court Costs and Refund indicates even further that he no longer has any intention to further pursue his action.

We find that Plaintiff has caused prejudice to Defendants since they have been named in a federal lawsuit, and no action, including service of a proper pleading, has been made on them to date. While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his August 3, 2010 case is nonetheless evidence of dilatoriness, especially because this case cannot proceed without his compliance with the Court's

March 23, 2012 Order.

Based on our discussion above, we find that the conduct of Plaintiff is willful, especially because he has filed nothing with the Court in more than eight (8) months, he has failed to respond to the Court's March 23, 2012 Order to file an amendment to his amended complaint by April 13, 2012,, and he has not contacted the Court to explain why he has failed to comply with the Order nor has he requested an extension of time.

Plaintiff was well aware of the consequences of his failure to comply with the Court's March 23, 2012 Order, and thus, we shall now recommend that his case be dismissed with prejudice. As stated, this case cannot proceed without Plaintiff's compliance with the March 23, 2012 Order. Because we shall recommend that Plaintiff's case be dismissed with prejudice and since Plaintiff is seeking to proceed *in forma pauperis*, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case with prejudice, and that Plaintiff's failure to comply with the Court's March 23, 2012 Order demonstrates he has abandoned his case.

## III. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this case be dismissed with prejudice on the basis of Plaintiff's failure to comply with the Court's March 23, 2012 Order and on the basis of his failure to prosecute his action.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 17, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDEL FATTAH, | : | CIVIL ACTION NO. **3:CV-10-1607** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 17, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or his discretion or where required by law, and may consider the record developed before the

magistrate judge, making his own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                  **s/ Thomas M. Blewitt**
                  **THOMAS M. BLEWITT**
                  **United States Magistrate Judge**

**Dated: May 17, 2012**