IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ABDEL FATTAH, | : | CIVIL ACTION NO. **3:CV-10-1607** |
|---|---|---|
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On August 3, 2010, Plaintiff Abdel Fattah,[1] an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, initially filed, *pro se*,[2] the instant civil rights action, in part under *Bivens*,[3] pursuant to 28 U.S.C. § 1331. Plaintiff's action was also filed under §1983 since he sought damages from state actors for alleged violations of his constitutional rights. *See Parratt v.*

---

[1] Plaintiff Fattah also filed other actions with this Court, namely, Civil No. 03-1314, 03-2169, 04-2346, 08-MC-164 and 11-0985. On August 22, 2011, we issued an R&R in Fattah's case number 11-0985, his Habeas Corpus Petition pursuant to 28 U.S.C. § 2254, and we recommended that Fattah's Habeas Petition be denied. (Doc. 25). On March 27, 2012, the Court adopted our R&R in its entirety. (Doc. 31). On September 20, 2012, the Application for a Certificate of Appealability was denied. (Doc. 36).

[2] Counsel for Plaintiff entered an appearance on November 12, 2010. (Doc. 12).

[3] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff Fattah's instant action fell under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case was a *Bivens* action since Plaintiff sought monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

*Taylor*, 451 U.S. 527 (1981); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). (Doc. 1). Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2).

Defendants named in Plaintiff's original Complaint were: John Doe #1, Director, Dept. of Homeland Security ("DHS"); Kelly A. Mitra, Supervisory Detention Officer, U.S. Immigration and Customs Enforcement ("ICE") at York County Prison; Cynthia L. Daub, Board Secretary at PA Board of Probation and Parole ("PA Board"); Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"); John Doe #2, Owner of Columbia Care Center, Columbia, South Carolina ("CCC"); John Doe #3, Director of Columbia Care Center, Columbia, South Carolina; John Doe #4, Medical Director at Columbia Care Center, Columbia, South Carolina; and Mary Sabol, Warden, York County Prison ("YCP"). (Doc. 1).

On September 21, 2010, we screened Plaintiff's original Complaint as required under the PLRA and we issued an R&R. (Doc. 13). We recommended that all of Plaintiff's Eighth Amendment claims against Defendants John Doe Defendants # 2, owner of CCC, #3, Director of CCC, and #4, Medical Director at CCC be dismissed without prejudice to Plaintiff filing them in the United States District Court for the District of South Carolina. In the alternative, we recommended that all of Plaintiff's claims against the stated three (3) CCC Defendants be transferred to the United States District Court for the District of South Carolina. We recommended that Plaintiff's claims challenging the duration of ICE's detainment of him and the fact or length of his confinement in state prison be dismissed with prejudice since they must be brought in a § 2254 habeas petition and a §2254 habeas petition, respectively. We recommended that Defendant Beard and Defendant Daub be dismissed with prejudice since Plaintiff was only challenging the fact

or length of his confinement in state prison, *i.e.* he alleged that Defendant Daub improperly rescinded his parole and that Daub along with Defendant Beard were keeping him in DOC custody without legal justification. Also, we recommended that insofar as Plaintiff alleged that Defendant John Doe #1 was illegally detaining him in ICE custody an extra six (6) months, this claim be dismissed with prejudice since Plaintiff must raise this claim in a §2254 habeas petition.

Further, we recommended that Plaintiff's claim that defendant John Doe #1 DHS Director and Defendant Mitra tried to illegally deport him to Egypt based on his medical condition and that ICE was relying on "false information and travel documents" be dismissed with prejudice, since these claims must be raised in a § 2241 habeas petition. We also recommended that Defendant John Doe #1 DHS Director and Defendant Mitra be dismissed entirely from this action.

Additionally, we recommended that Plaintiff's Eighth Amendment denial of proper medical care claim, his Eighth Amendment condition of confinement claim, and his First Amendment denial of access to courts claim against Defendant Sabol be dismissed without prejudice to allow Plaintiff to file an Amended Complaint regarding his constitutional claims arising at York County Prison.

Finally, we recommended that Plaintiff's *in forma pauperis* Motion (Doc. 2) be granted.

On December 13, 2010, the District Court issued a memorandum and Order and adopted our R&R. (Doc. 17). *See Fattah v. Doe*, 2010 WL 5147449 (M.D. Pa.) (CV-10-1607). Since Plaintiff's Eighth Amendment denial of proper medical care claim, his Eighth Amendment condition of confinement claim, and his First Amendment denial of access to courts claim against Defendant Sabol were dismissed without prejudice, we calendared this case to allow Plaintiff to file an Amended Complaint as against only Defendant Sabol. We gave Plaintiff 30 days from the date of

the District Court's Order to file his Amended Complaint against Defendant Sabol and he failed to timely file his amended pleading or request more time within which to do so. Thus, we construed Plaintiff as wilfully abandoning his action.

Therefore, on January 18, 2011, we issued an R&R and recommended that this action be dismissed without prejudice on the basis of Plaintiff Fattah's failure to comply with the Court's December 13, 2010 Order. It was also recommended that Plaintiff's case be dismissed without prejudice on the basis of his failure to prosecute his action by filing his Amended Complaint against Defendant Sabol. (Doc. 18). Plaintiff filed objections to our R&R.

On July 25, 2011, the Court issued an Order, found that Plaintiff's failure to timely file his Amended Complaint appeared not to be wilful, and rejected our Doc. 18 R&R. (Doc. 24). The Court afforded Plaintiff 30 days to his Amended Complaint and recommitted this case to the undersigned.

On August 24, 2011, Plaintiff filed, through counsel, his lengthy 34-page Amended Complaint. (Doc. 25). Plaintiff named the following twenty-one (21) Defendants: Mary Sabol, Warden of York County Prison ("YCP"); Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("PA-DOC"); Thomas Decker, Field Office Director, Department of Homeland Security ("DHS"), Philadelphia Filed Office; Deputy Warden Buono, York County Prison; Joseph Sallemi, IHP Director, DHS at York County Prison detention facility; Kelly Mitra, Supervisory Detention and Deportation Officer for the DHS and U.S. Immigration and Customs Enforcement ("ICE"); Jennifer Miosi, employee of Prime Care Incorporated; Jesse Wildner, deportation officer, DHS, ICE; Brendan Quinlan, Deportation Officer, DHS, ICE; Mark Graham, Deportation Officer

DHS, ICE; Matthew Klienman, Mental Health Coordinator for the Division of Immigration Health Services; Dennis Becotte, licensed psychologist; Jeff Rackovan, supervisory employee of the PA-DOC at SCI-Rockview; Nurse Somich; Dr. Symonds; Corrections Officer ("CO") Granlund; CO Yeager; CO Sutton; Nurse Lamas; CO Evans; and CO March. (Doc. 25, pp. 3-7).

Plaintiff's Amended Complaint alleged numerous violations of his constitutional rights and it asserted claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. and the Rehabilitation Act, 29 U.S.C. §794, *et seq*. It is brought under §1331 and §1983 as well as under the ADA and Rehabilitation Act. This Court has jurisdiction over this action under §1331 and §1343.[4]

Again, we screened Plaintiff's Amended Complaint as we are obliged to do under the PLRA. *See Sims v. Piazza*, 2009 WL 3147800 (M.D. Pa.); *O'Connell v. Sobina*, 2008 WL 144199 (W.D. Pa.).[5]

On September 14, 2011, we issued a Report and Recommendation recommending that all of Plaintiff's constitutional claims against Defendants DHS Deportation Officers Wildner, Quinlan and Graham be dismissed with prejudice since they are time barred. It was also recommended that all of Plaintiff's constitutional claims against Defendant Dr. Becotte and Defendants Sabol, Buono, Miosi, Decker, Mitra, Klienman and Sallemi which arose during his confinement at YCP

---

[4] Plaintiff also sought this Court to exercise its supplemental jurisdiction over his pendent state law claims under 28 U.S.C. §1367. (Doc. 25, p. 2). However, we did not find that Plaintiff raised any state law claims in his Amended Complaint.

[5] The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

from June 17, 2008 through July 25, 2008 be dismissed with prejudice as time barred. Further, we recommended that Defendant DOC Secretary Beard and Defendant Nurse Lamas be dismissed with prejudice. Additionally, it was recommended that Defendants Evans and March, as well as Defendants Yeager and Sutton, be dismissed with prejudice. It was recommended that Plaintiff's Rehabilitation Act claim and ADA claim (Seventh Cause of Action) be dismissed with prejudice as against all Defendants.

It was also recommended that Plaintiff's Second, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action be dismissed with prejudice.

Finally, it was recommended that Plaintiff be permitted to proceed with his Eighth Amendment constitutional claims under §1983, *i.e.* denial of proper medical care claims and conditions of confinement claims (First and Third Causes of Action) only as against SCI-Rockview officials and staff, namely, Defendants Rackovan, Somich, Granlund and Dr. Symonds.

On March 23, 2012, the Court adopted our R&R in its entirety and granted Plaintiff twenty-one (21) days to amend the Amended Complaint. (Doc. 35). On May 17, 2012, we issued an R&R recommending Plaintiff's case we dismissed with prejudice on the basis of Plaintiff's failure to comply with the Court's March 23, 2012 Order on the basis of his failure to prosecute the action. (Doc. 37). On May 21, 2012, Plaintiff filed a Notice of Appeal to the Third Circuit. (Doc. 38). On April 24, 2013, the Court adopted our R&R and dismissed the action pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 51). On June 14, 2013, Plaintiff filed a Motion to Reinstate Action. (Doc. 57). On November 8, 2013, the Court granted Plaintiff's Motion to Reinstate Action and Ordered Plaintiff to file an Amended Complaint consistent with the Court's March 23, 2012

Memorandum and Order. (Doc. 58). On November 26, 2013, Plaintiff filed a second Amended Complaint. (Doc. 59).

**II. PLRA.**

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[6] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[7] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**III. Civil Rights Standards.**

*1. Section 1983 Standard*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and

---

[6] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[7] The Plaintiff filed an application to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 and 5).

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

8

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra*.

2. Bivens Standard

As stated, insofar as Plaintiff alleges violations of his constitutional rights by Defendants who are federal officials, it is a § 1331 civil rights action under *Bivens*.[8] In *Naranjo v. Martinez*, 2009 WL 4268598, *6, the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved

---

[8]The Third Circuit in *Banks v. Roberts*, 2007 WL 3096585, * 1, n. 1, 251 Fed. Appx. 774 (3d Cir. 10-19-07) (Non-Precedential) noted that, "[a] '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . ." *See also Naranjo v. Martinez*, 2009 WL 4268598, *1, n.1 (M.D. Pa.)(*Bivens* is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights.") (citation omitted).

9

> in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

Further, a *Bivens* action is analogous to a civil rights action under 42 U.S.C. §1983. *Id.*; *Reynolds v. BOP*, 2010 WL 744127, *3 (E.D. Pa.). *See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.")(citation omitted).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**IV. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*,2010 WL 1976821, *7 (M.D. Pa.),

the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued,

10

> "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
>> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>>
>> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## V. Discussion.

In his second Amended Complaint, Plaintiff again asserts the following eight (8) causes of action (Doc. 59, pp. 26-34):

1. First Cause of Action, Eighth Amendment right to medical care claim;

11

2. Second Cause of Action, Eighth Amendment right to protection from physical brutality;

3. Third Cause of Action, Eighth Amendment right to safe conditions of detention and incarceration;

4. Fourth Cause of Action, Fourth Amendment and Eighth Amendment "unreasonable searches and seizures" claim;

5. Fifth Cause of Action, Fifth and Fourteenth Amendments right to protection from the deprivation of liberty without Due Process of law;

6. Sixth Cause of Action, Fifth and Fourteenth Amendments right to protection from discrimination based on race, national origin, religion and disability;

7. Seventh Cause of Action, violation of rights under the ADA and Rehabilitation Act; and

8. Eighth Cause of Action, claim under the "Federal Detention Standards."

As relief, Plaintiff requests declaratory judgment that Defendants' alleged conduct violated his constitutional rights as well as compensatory, exemplary and punitive damages. (*Id.*, p. 34). Plaintiff further requests costs and any additional relief this Court deems equitable. (*Id.*). Plaintiff does not state if he sues the federal official Defendants and the state official Defendants in both their personal and official capacities.[9]

---

[9]Plaintiff cannot seek compensatory damages from the state official Defendants in both their individual and official capacities. To the extent that Plaintiff seeks monetary damages from the state official Defendants, both compensatory and punitive damages, he can only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

Thus, insofar as Plaintiff has sued the state actor Defendants in both their individual and official capacities and he seeks monetary damages from them, he can only seek monetary damages from these Defendants in their individual capacities. Therefore, all of Plaintiff's claims

12

In his second Amended Complaint, Plaintiff states that he exhausted all his administrative remedies with respect to all of his present claims. (*Id.*, p. 26). [10]

Although Plaintiff titled the Complaint as "Plaintiff's 2nd Amended Complaint" (*Id.*, p. 1), Plaintiff has essentially filed the same Complaint as the previous Amended Complaint. (Doc. 25). The Court's March 23, 2012 Order stated in pertinent part:

> (2) All claims against the following Defendants are **DISMISSED with prejudice**:
> Mary Sabol; Jeffrey Beard; Thomas Decker; Deputy Warden Buono; Joseph Sallemi; Kelly Mitri; Jennifer Miosi; Jesse Wildner; Brendan Quinlan; Mark Graham; Matthew Klienman; Dennis Becotte; Corrections Officer Yeager; Corrections Officer Sutton; Corrections Officer Evans; Corrections Officer March and Nurse Somich. These Defendants are **DISMISSED** from the action entirely.

---

for monetary damages against the state actor Defendants in their official capacities should be dismissed.
 Also, with respect to his *Bivens* suit, Plaintiff cannot sue the individual federal Defendants for damages in their official capacities. *See Smith v. U.S.*, 2007 WL 7313360, *6, n. 13 (M.D. Pa.)(citation omitted); *See Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998); *Douglas v. BOP,* Civil NO. 08-0140 (M.D. Pa.)(Plaintiff inmate could not sue the BOP Defendants for monetary damages in their official capacities). In his second Amended Complaint, Plaintiff can only sue the federal official Defendants in their individual capacities with respect to his claims for damages.

[10]Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

13

> (3) Plaintiff's Second, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action against Defendants Rackovan, Somich, Granlund and Dr. Symonds are **DISMISSED with prejudice**. Plaintiff may proceed with the First Cause of Action (Eighth Amendment denial of medical care claim) and the Third Cause of Action (Eighth Amendment conditions of confinement claim) as to these Defendants.
>
> (4) Plaintiff is granted twenty-one (21) days to amend the Amended Complaint to allege exhaustion of Plaintiff's administrative remedies.

(Doc. 35). Thus, we will disregard those Defendants and claims which have been previously dismissed with prejudice by the Court's Doc. 35 Order.

Plaintiff states that on July 25, 2008, he was transferred from YCP to Columbia Care Facility in Columbia, South Carolina, and that on March 19, 2009, Defendant Decker lifted ICE's detainer on him and placed him on supervised release. Plaintiff then states that on March 23, 2009, he was released from Columbia Care Facility and placed in the custody of the PA DOC after DOC was notified by ICE that it had not able to effectuate Plaintiff's removal. (Doc. 59, pp. 22-23). Plaintiff states that he was confined in SCI-Rockview on March 24, 2009 and, that he is presently still confined at this prison.[11]

Plaintiff asserts Eighth Amendment denial of proper medical, eye and dental care claims and Eighth Amendment conditions of confinement claims against the SCI-Rockview prison staff Defendants, namely Rackovan, Dr. Symonds and Somich. (Doc. 59, pp. 23-24). Plaintiff claims that Defendant

---

[11]As noted above, on August 22, 2011, we issued an R&R in Fattah's §2241 habeas case, 11-0985, challenging the legality of his current confinement at SCI-Rockview, and we recommended that Fattah's Habeas Petition be denied. On March 27, 2012, the Court adopted our R&R in its entirety. (11-0985, Doc. 31). On September 20, 2012, the Application for a Certificate of Appealability was denied. (*Id.*, Doc. 36).

Granlund conducted improper searches of his cell and opened his legal material on August 22, 2010, and that he notified Defendant Rackovan about the searches. Plaintiff also avers that Defendant Granlund took away his legal materials. Plaintiff further avers that he notified Defendant Rackovan of the use of excessive force by staff when he was placed in a restraint chair for feeding.

Plaintiff concludes his allegations as follows:

126. Plaintiff further notified Defendant Rackovan that he is not being provided with the prescribed pain medication.

127. Plaintiff further provided notice to Defendant Rackovan that the change to his feeding scheduling his stomach has become damaged such that he experiences severe pain and vomits.

128. Plaintiff further notified Defendant Rackovan that his feeding tube has been in an unsanitary condition as he has observed strands [of] hair in the feeding tube, that the dressings around his feeding tube are not changed appropriately or on schedule increasing the possibility of infection.

129. Plaintiff further notified Defendant Rackovan that he has not received his legal papers and of the attempt by Defendant Evans, Defendant March to interfere with his legal proceedings.

(*Id.*, p. 25).

As stated, we previously recommended that Plaintiff be permitted to proceed with his §1983 constitutional claims under the Eighth Amendment, *i.e.* denial of proper medical care claims and conditions of confinement claims (First and Third Causes of Action) only as against SCI-Rockview officials and staff involved with these claims, namely, Defendants Rackovan, Somich, Granlund and Dr. Symonds. *See Pearson v. Karnes*, 2011 WL 864792, *3-*4; *Williams v. Klem*, 2008 WL 4453100, *6-*7 (M.D. Pa.).

As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must exhaust his administrative remedies **prior** to filing a civil rights suit. *See Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64; *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law, including this *Bivens* action. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D.Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted). Further, the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

"A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit." *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation omitted). Further, "the exhaustion requirement is not satisfied if the inmate files an action in the district court prior to completing the administrative remedy process." *Id.*(citation omitted); *See also Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64(Court stated that "most circuit courts are in agreement that a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court.")(emphasis original)(citations omitted).

The Third Circuit has repeatedly stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, *1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted); *Ahmed v. Dragovich*, 297 F.3d at 209 & n. 9 . The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts*, 2007 WL 3096585, *1; *Spruill v. Gillis,* 372 F. 3d 218, 228-230 (3d Cir. 2004); *see also Nyuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). We take judicial notice that SCI-Rockview had an administrative remedy policy during the relevant times of this case. As per the Court's Order, in his second Amended Complaint, Plaintiff now states that he exhausted all his administrative remedies with respect to all of his present claims. (Doc. 59, p. 26).

**VI. Recommendation.**

Based on the foregoing assertion of exhaustion by Plaintiff, it is respectfully recommended that Plaintiff be permitted to proceed with his Eighth Amendment constitutional claims under §1983, *i.e.* denial of proper medical care claims and conditions of confinement claims (First and Third Causes of Action) only as against Defendants Rackovan, Somich, Granlund and Dr. Symonds.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 15, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDEL FATTAH, | : | CIVIL ACTION NO. **3:CV-10-1607** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 15, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**


**Dated: January 15, 2014**