UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDEL FATTAH, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-01607 |
| v. | (CAPUTO, J.) |
| | (SAPORITO, M.J.) |
| JOHN T. SYMONS, D.O., et al., | |
| Defendants. | |

# REPORT AND RECOMMENDATION

This is a prisoner civil rights action. The plaintiff, Abdel Fattah, is represented by counsel. At the time of his alleged injury, Fattah was incarcerated at SCI Rockview, located in Centre County, Pennsylvania.

In his second amended complaint, Fattah claims that, while detained over a period of years in the custody of the U.S. Department of Homeland Security and the Pennsylvania Department of Corrections, he sustained substantial physical, mental, and emotional injuries as a result of the deliberate indifference of various defendants to his medical treatment needs. Fattah's *Bivens*[1] claims against various federal defendants have been dismissed, as well as claims brought under the Americans with

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Disabilities Act and the Rehabilitation Act. Most of Fattah's § 1983 claims were dismissed as well. He was, however, permitted to proceed with § 1983 claims against four defendants employed by or affiliated with the Pennsylvania Department of Corrections. One of these four remaining defendants in this case is John T. Symons, D.O., a member of the medical staff at SCI Rockview during the period of Fattah's incarceration there.

Dr. Symons has filed a motion to dismiss the second amended complaint as against him for failure to state a claim. (Doc. 81). The motion is fully briefed and ripe for disposition. (*See* Doc. 85; Doc. 87; Doc. 89).

I. **BACKGROUND**

Fattah was incarcerated at SCI Rockview between March 2009 and August 2013. Immediately prior to that, he had been in the custody of federal immigration authorities for several years as they attempted, unsuccessfully, to effect a removal order issued by a federal immigration judge. While in federal custody, Fattah was diagnosed with an eating disorder and underwent surgery to implant a gastric feeding tube that permitted him to be force fed without injury—previously, he had been force fed through a nasal feeding tube, which had resulted in injury to his nasal passages and lungs. When federal officials determined in March

2009 that Fattah's removal would not succeed, they released him back into the custody of the Pennsylvania Department of Corrections, and he was confined at SCI Rockview until August 2013. While at SCI Rockview, Fattah alleges that he was placed in unsanitary living conditions that subjected his gastric incision to infection, that improperly executed gastric feedings caused him severe pain, that his gastric feedings were being conducted in an unsanitary manner, that his medication was improperly administered, that his medically necessary dietary needs were ignored, that he was denied necessary medical, psychological, and dental treatment, that he was routinely subjected to excessive force in connection with feedings, that he was deprived of legal papers in retaliation for exercising his right of access to the courts, and that he was harassed and otherwise mistreated by correctional officers and prison medical staff.

## II.   RULE 12(B)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the

plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990). In deciding the motion, the

Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

**A. Law of the Case**

Dr. Symons has moved to dismiss the second amended complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Fattah has asserted a "law of the case" argument that dismissal for failure to state a claim on the defendant's motion is precluded by the Court's prior screening order, in which this Court *sua sponte* reviewed a prior iteration of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and found substantively identical allegations sufficient to state a colorable claim under the Eighth Amendment and 42 U.S.C. § 1983. (*See* Doc. 87, at 3–4). But "the *sua sponte* screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *see also Paladino v. Newsome*, Civ. No. 12-2021, 2013 WL 3270987, at *4 (D.N.J. June 27,

2013) ("The right of a defendant to bring a motion to dismiss for failure to state a claim . . . is not foreclosed by a district court's prior finding, during *sua sponte* screening of a civil action filed by an *in forma pauperis* prisoner, that the prisoner stated a claim."). Therefore, the Court will consider Dr. Symons's motion on its merits.

### B. Personal Involvement

The second amended complaint asserts two separate but related federal civil rights claims—the violation of his Eighth Amendment right to adequate medical care, and the violation of his Eighth Amendment right to safe conditions of incarceration. These claims are brought in this action pursuant to 42 U.S.C. § 1983. Section 1983 provides a private cause of action with respect to the violation of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

"Civil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The second amended complaint contains no allegations whatsoever that Dr. Symons had personal involvement in the alleged wrongs

underlying Fattah's § 1983 claims. Dr. Symons is referenced only twice in the second amended complaint. In the first reference, Fattah merely identifies Dr. Symons as a defendant, alleging that:

> Dr. Symonds [sic] is employed as a member of the medical staff at SCI Rockview in Bellefonte, Pennsylvania[.] [I]t is not known whether Dr. Symonds [sic] is employed directly by the Pennsylvania Department of Corrections or is a contract employee[.] [I]t is believed that [Dr. Symons] maintained said employment at all times during which [Fattah] has been detained at the Rockview facility and at all times relevant to the events asserted in this complaint.

(Doc. 59, at 6).

The second reference describes the only conduct actually attributed to Dr. Symons—the act of providing medical instructions that Fattah should be given milk with his medication to protect his stomach:

> [Fattah] has further notified [Superintendent's Assistant] Rackovan that [Nurse] Somich interfered with his medical care by failing to follow required procedures when administrating his medication on 9/27/2010 and other occasions when she did not provide milk to [Fattah] as required by Dr. Symonds' [sic] instructions so as not to damage [Fattah's] stomach, that he is not being provided with medication on schedule, rather medication schedules are being mixed for the convenience of staff[,] resulting in repeated vomiting and pain[,] and that syringes containing foreign material are being used to complete his gastric feedings and are unsanitary.

(Doc. 59, at 24). It is not alleged that Dr. Symons personally administered

the medication to Fattah or personally failed to give him milk with the medication, that Dr. Symons altered Fattah's medication schedule or caused his medications to be mixed in a manner that caused him pain or vomiting, or that Dr. Symons caused his gastric feedings to be administered with syringes containing foreign materials or that are otherwise unsanitary. It is not alleged that Dr. Symons personally directed the conduct of Nurse Somich or anyone else who may have administered Fattah's feedings or medication. It is not alleged, with or without particularity, that Dr. Symons had actual knowledge of any of the alleged wrongful conduct, nor that he acquiesced in it.

In the absence of any allegations of personal involvement by Dr. Symons in any of the alleged wrongdoing, Fattah has failed to state a claim against him under the Eighth Amendment and 42 U.S.C. § 1983. *See Cormany v. Lauer*, Civil Action No. 1:07-CV-0688, 2007 WL 1437487, at *1 & n.1 (M.D. Pa. May 14, 2007). It is therefore recommended that the motion to dismiss be granted and the second amended complaint be dismissed as against Dr. Symons for failure to state a claim.

### C. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is

vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Although it is true that Fattah has already had an opportunity to amend the complaint twice in this case to state a viable cause of action, both of the prior amendments were in response to *sua sponte* screening orders. This is the first time Fattah's claims have been tested by an adverse party and found lacking. It is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Fattah be granted leave to file a third amended complaint within a specified time period following dismissal of the second amended complaint.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that:

1. Dr. Symons's motion to dismiss (Doc. 81) be **GRANTED**;

2. The second amended complaint (Doc. 59) be **DISMISSED** as against Dr. Symons;

    3.    The plaintiff be granted leave to file a third amended complaint within a specified time period following dismissal of the second amended complaint as against Dr. Symons; and

    4.    The matter be remanded to the undersigned for further proceedings.

**Dated: June 30, 2015**           ***s/ Joseph F. Saporito, Jr.***
                                                    JOSEPH F. SAPORITO, JR.
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDEL FATTAH, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-01607 |
| v. | (CAPUTO, J.) |
| | (SAPORITO, M.J.) |
| JOHN T. SYMONS, D.O., et al., | |
| Defendants. | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated June 30, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

- 2 -

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 30, 2015**                    *s/ Joseph F. Saporito, Jr.*
                                            JOSEPH F. SAPORITO, JR.
                                            United States Magistrate Judge