# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDEL FATTAH,

    Plaintiff,

    v.

JOHN T. SYMONS, D.O., *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-10-1607

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SAPORITO)

## **MEMORANDUM**

Presently before me is Magistrate Judge Saporito's Report and Recommendation (Doc. 105) to Defendant Dr. John T. Symons' ("Symons") Motion to Dismiss Plaintiff Abdel Fattah's ("Fattah") Second Amended Complaint. (Doc. 81.) Magistrate Judge Saporito recommends that Symons' motion to dismiss be granted, but Fattah be given leave to file a third amended complaint to properly state his claims against Symons. (Doc. 105, 10-11.) Fattah filed timely objections to Magistrate Judge Saporito's recommendations. (Doc. 107.) For the reasons that follow, the Report and Recommendation will be adopted.

## I. Background

Fattah, formerly an inmate at SCI Rockview, commenced this action on August 3, 2010. (Doc. 1.) Fattah subsequently filed an amended complaint on August 24, 2011 against twenty-one (21) defendants asserting claims for violations of the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. (Doc. 25.) The amended complaint was screened by Magistrate Judge Thomas M. Blewitt, and by Report and Recommendation dated September 14, 2011, Magistrate Judge Blewitt recommended that all of Fattah's claims be dismissed with prejudice except for the denial of proper medical care and conditions of confinement claims against Defendants Rackovan, Somich, Granlund, and Symons. (Doc. 27)

I adopted Magistrate Judge Blewitt's Report and Recommendation over Fattah's

objections on March 23, 2012, and Fattah was permitted to proceed with his denial of medical care and conditions of confinement claims against Defendants Rackovan, Somich, Granlund, and Symons. (Docs. 37; 38.) But, Fattah was first directed to file a second amended complaint that properly alleged exhaustion of his administrative remedies. (*Id*.)

Thereafter, Fattah filed a notice of appeal to the March 23, 2012 Order adopting Magistrate Judge Blewitt's Report and Recommendation. (Doc. 38.) The Third Circuit dismissed the appeal for lack of jurisdiction on March 28, 2013. (Doc. 49.)

I subsequently dismissed the action on April 23, 2013 for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 51.) However, the action was later reopened in response to Fattah's Motion to Reinstate Action. (Docs. 57; 58.) Fattah was again ordered to file a second amended complaint. (Doc. 58.) Fattah filed the Second Amended Complaint on November 26, 2013. (Doc. 59.)

Magistrate Judge Blewitt then screened the Second Amended Complaint. (Doc. 60.) Finding that the allegations in the Second Amended Complaint adequately alleged exhaustion of administrative remedies, Magistrate Judge Blewitt recommended that Fattah be permitted to proceed with his denial of medical care and conditions of confinement claims against Defendants Rackovan, Somich, Granlund, and Symons. (*Id*.) I adopted that recommendation on February 14, 2014. (Doc. 61.)

Defendant Symons waived service on November 13, 2014. (Doc. 79.) And, on December 5, 2014, Symons filed a motion to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. 81.) Fattah filed a brief in opposition to the motion to dismiss on January 7, 2015 (Doc. 87), and Symons filed a reply brief in further support of his motion on January 21, 2015. (Doc. 89.) On February 12, 2015, the action was referred to Magistrate Judge Saporito.

Magistrate Judge Saporito issued the instant Report and Recommendation on June

30, 2015. (Doc. 105.) Magistrate Judge Saporito recommends that Symons' motion to dismiss be granted, but that Fattah be given leave to file a third amended complaint to adequately state his claims against Symons. (*Id*. at 10-11.) Fattah filed timely objections to the Report and Recommendation on July 14, 2015. (Doc. 107.) Symons filed a brief in opposition to Fattah's objections on August 12, 2015. (Doc. 114.) The Report and Recommendation and Fattah's objections thereto are now ripe for review.

## II. Legal Standard

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

In his Report and Recommendation, Magistrate Judge Saporito recommends that the motion to dismiss be granted and that the claims against Symons be dismissed, but that Fattah be given leave to file a third amended complaint. According to Magistrate Judge

3

Saporito, Symons is only referenced twice in the Second Amended Complaint. Magistrate Judge Saporito notes that the first mention of Symons in the Second Amended Complaint is simply to identify him as a defendant. And, the second reference to Symons only describes his providing medical instructions that Fattah be given milk with his medication. Magistrate Judge Saporito emphasizes, however, that Symons is not personally alleged to have administered Fattah's medication, to have personally failed to give him milk with his medication, or to have altered Fattah's medication schedule to be provided in a manner that caused him pain. Magistrate Judge Saporito also points out that the Second Amended Complaint is devoid of allegations that Symons personally directed the conduct of other officials involved in the administering of Fattah's feedings and/or medications, that he had actual knowledge of the alleged wrongful conduct, or that he acquiesced in that conduct. Thus, concluding that the Second Amended Complaint fails to adequately aver that Symons was personally involved in the alleged deprivations of Fattah's constitutional rights, Magistrate Judge Saporito recommends that Symons' motion to dismiss be granted, but that Fattah be given leave to file a third amended complaint.

Fattah, as stated, filed timely objections to the Report and Recommendation. First, Fattah objects to Magistrate Judge Saporito's consideration of the merits of Symons' motion to dismiss. Fattah asserts that the motion to dismiss is precluded by the prior screening order in which he was permitted to proceed with his denial of medical care and conditions of confinement claims against Defendants Rackovan, Somich, Granlund, and Symons. Second, Fattah objects to Magistrate Judge Saporito's conclusion that he fails to adequately allege Symons' personal involvement in the deprivation of his constitutional rights. Fattah's objections will be overruled.

As to Fattah's first objection, multiple courts have held that a district court's *sua sponte* screening of an inmate's complaint does not preclude a defendant from filing a

subsequent motion to dismiss for failure to state a claim. *See, e.g., Garewal v. Sliz*, - - - F. App'x - - -, 2015 WL 3372154, at *3 (10th Cir. May 26, 2015) ("Simply put, the fact that a district court does not dismiss a complaint under § 1915A does not mean that the complaint will necessarily withstand a defendant's challenge to its plausibility under Rule 12(b)(6)."); *Norsworthy v. Beard*, - - - F. Supp. 3d - - -, No. 14-698, 2015 WL 1478264, at *3 n.4 (N.D. Cal. Mar. 31, 2015); *Day v. Minnehaha Cnty.*, No. 14-4037, at *1 n.3 (D.S.D. Mar. 4, 2015); *Dittmer v. Bradshaw*, No. 12-81309, 2015 WL 471371, at *4 (S.D. Fla. Feb. 4, 2015); *Jones v. Lehmkuhl*, No. 11-2384, 2013 WL 6728951, at *7 (D. Colo. Dec. 20, 2013); *Paladino v. Newsome*, No. 12-2021, 2013 WL 3270987, at *4 (D.N.J. Sept. 12, 2013); *Guillory v. Ellis*, No. 11-600, 2013 WL 2415658, at *6 (E.D.N.Y. May 15, 2013); *Desautel v. Tetra Tech EC, Inc.*, No. 11-187, 2013 WL 274743, at *4 (E.D. Wash. Jan. 31, 2012); *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that the screening and dismissal procedure under the Prison Litigation Reform Act "is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). In view of this authority, Magistrate Judge Saporito did not err in considering the merits of Symons' motion to dismiss.

I also agree with Magistrate Judge Saporito that Fattah fails to state Symons' personal involvement in the alleged violation of his constitutional rights. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, as noted by Magistrate Judge Saporito, Symons is referenced only twice in the Second Amended Complaint, and neither of these references allege that Symons was personally involved

the alleged violations of Fattah's constitutional rights at issue in this case. Accordingly, I will adopt Magistrate Judge Saporito's recommendation to grant Symons' motion to dismiss the Second Amended Complaint.

Lastly, I will adopt Magistrate Judge Saporito's recommendation to allow Fattah the opportunity to file a third amended complaint. Although Fattah has already had two opportunities to amend his complaint, this is the first time that his pleading has been found lacking in response to a 12(b)(6) motion. As such, it is not apparent that further amendment would be futile. Fattah will therefore be given twenty-one (21) days in which to file a third amended complaint.

## IV. Conclusion

For the above stated reasons, Magistrate Judge Saporito's Report and Recommendation will be adopted, Symons' motion to dismiss will be granted, and Fattah will be granted twenty-one (21) days in which to file a third amended complaint.

An appropriate order follows.

September 16, 2015 /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                                            United States District Judge