**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABDEL FATTAH,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN T. SYMONS, D.O., *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-10-1607<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE SAPORITO) |

**MEMORANDUM**

Presently before me is Magistrate Judge Saporito's Report and Recommendation ("R&R") (Doc. 134) to Defendant Dr. John T. Symons' ("Symons") Motion to Dismiss (Doc. 121) Plaintiff Abdel Fattah's ("Fattah") Third Amended Complaint (Doc. 119). Magistrate Judge Saporito recommends that Symons' Motion to Dismiss be denied. For the reasons that follow, the R&R will be adopted in part and rejected in part. Although I agree with the ultimate disposition of the motion, I disagree with the underlying rationale and with Magistrate Judge Saporito's dismissal of several of Fattah's claims.

**I. Background**

Fattah, formerly an inmate at the State Correctional Institution at Rockview ("SCI Rockview"), commenced this action on August 3, 2010 (Doc. 1). Fattah subsequently filed an amended complaint on August 24, 2011 against twenty-one defendants asserting claims for violations of the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act (Doc. 25). The amended complaint was screened by Magistrate Judge Thomas M. Blewitt, and by R&R dated September 14, 2011, Magistrate Judge Blewitt recommended that all of Fattah's claims be dismissed with prejudice except for the denial of proper medical care and conditions of confinement claims against Defendants Rackovan, Somich, Granlund, and Symons (Doc. 27).

I adopted Magistrate Judge Blewitt's R&R over Fattah's objections on March 23, 2012, and Fattah was permitted to proceed with his denial of medical care and conditions of confinement claims against Defendants Rackovan, Somich, Granlund, and Symons

(Docs. 37, 38). Fattah was also directed to file a second amended complaint that properly alleged exhaustion of his administrative remedies. *Id.*

I subsequently dismissed the action on April 23, 2013 for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Doc. 51). However, the action was later reopened in response to Fattah's Motion to Reinstate Action (Docs. 57; 58). Fattah was again ordered to file a second amended complaint (Doc. 58), which he did on November 26, 2013 (Doc. 59).

Magistrate Judge Blewitt screened the Second Amended Complaint (Doc. 60) and found that the allegations in the Second Amended Complaint adequately alleged exhaustion of administrative remedies. He again recommended that Fattah be permitted to proceed with his denial of medical care and conditions of confinement claims against Defendants Rackovan, Somich, Granlund, and Symons. *Id.* I adopted that recommendation on February 14, 2014 (Doc. 61).

On December 5, 2014, Defendant Symons filed a motion to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted (Doc. 81). The action was referred to Magistrate Judge Saporito who issued his R&R on June 30, 2015 (Doc. 105). Magistrate Judge Saporito recommended that Symons' motion to dismiss be granted, but that Fattah be given leave to file a third amended complaint to adequately state his claims against Symons, who was a member of the medical staff at SCI Rockview during the period of Fattah's incarceration there. *Id.* at 10-11. I adopted that recommendaution on September 16, 2015 (Doc. 116).

In his Third Amended Complaint (Doc. 119), filed on October 15, 2015, Fattah claims that, while detained over a period of years in the custody of the U.S. Department of Homeland Security and the Pennsylvania Department of Corrections, he sustained substantial physical, mental, and emotional injuries as a result of the deliberate indifference to his medical needs. Specifically, Fattah alleges that he was placed in unsanitary living conditions that subjected his gastric feeding tube incision to infection; that the improperly executed gastric feedings caused him severe pain; that his gastric feedings were conducted

in an unsanitary manner; that his medication was improperly administered; that his medically necessary dietary needs were ignored; that he was denied necessary medical, psychological, and dental treatment; that he was routinely subjected to excessive force in connection with feedings; and that he was generally harassed and otherwise mistreated by correctional officers and prison medical staff. *Id.* at ¶¶ 130-154.

On October 28, 2015, Symons filed a Motion to Dismiss the Third Amended Complaint as against him for failure to state a claim (Doc. 121). The action was again referred to Magistrate Judge Saporito who issued the instant R&R on September 12, 2016 (Doc. 134). Magistrate Judge Saporito recommends that Symons' Motion to Dismiss be denied. Both Fattah and Symons filed objections to the R&R (Docs. 140, 141). The R&R and parties' objections are now ripe for review.

## II. Legal Standards

### 1. Review of the Report and Recommendation

Where objections to a magistrate judge's R&R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### 2. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### 3.     Eight Amendment Deliberate Indifference Claim

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishment." U.S. Const. amend. VII. A plaintiff who alleges, pursuant to § 1983, that a failure to provide medical care in prison violates the Eighth Amendment must demonstrate the defendant's "deliberate indifference" to the prisoner's "serious medical need." *Estelle v. Gamble,* 429 U.S. 97, 104-105, 97 S. Ct. 285 (1976).

A serious medical need is a need diagnosed by a physician, that a physician believes to require medical treatment, or that is "so obvious that a lay person would easily recognize

the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citation omitted); *see also Atkinson v. Taylor*, 316 F.3d 257, 273 (3d Cir. 2003).

To demonstrate deliberate indifference, an inmate must show that the officials he is suing "knew of and disregarded an excessive risk to [the] inmate's health." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). The Third Circuit has found deliberate indifference "in situations where there was objective evidence that a plaintiff had serious need for medical care, and prison officials ignored that evidence." *Id.* at 582. However, "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Moreover, "mere disagreement as to the proper medical treatment is also insufficient." *Id.* (citing *Monmouth County*, 834 F.2d at 346). Neither inconsistencies nor differences in medical diagnoses, or refusal to consider inmate's preferences can amount to deliberate indifference. *See White*, 897 F.2d at 110; *Pilkey v. Lappin*, 2006 WL 1797756, at *3 (D.N.J. June 26, 2006) ("Plaintiff's dissatisfaction with the promptness and frequency of treatment, since it [was] not as speedy or as relentless as Plaintiff desire[d,] . . . fail[s] to state a claim upon which a relief may be granted.") *Alsina-Ortiz v. Laboy*, 400 F.3d 77 (1st Cir. 2005) (a doctor's failure to respond to certain request for services by the inmate, in context of the doctor's continued and regular services, did not deprive the inmate of any meaningful treatment.).

### III. Discussion

In his Third Complaint, Fattah identifies several instances of inadequate medical care in violation of the Eight Amendment. He alleges that Symons was deliberately indifferent to Fattah's serious medical needs by (1) failing to "set up a treatment plan [for Fattah's eating disorder], order specific methods of care for [Fattah's] medical needs, [and] prescribe medications." (Doc. 119, at 26); (2) failing to correct "unsanitary condition[s]" with respect to Fattah's surgically implanted feeding tube and the gastric feeding process used to provide him with nourishment. (*Id.*, at 27-28); (3) failing to take action to remedy the "poor

quality of the air" in Fattah's cell, which caused Fattah to suffer asthma attacks and bouts of coughing so violent that he broke his ribs. (*Id.*, at 28-30); (4) directing his subordinates to overfeed Fattah by force-feeding him a double-helping of nourishment twice a day instead of the four regular gastric feedings typically provided, causing Fattah to vomit and suffer pain. (*Id.*, at 30); and (5) failing to reinstate Fattah's scheduled gastric feedings and to intervene when Fattah was denied food for nearly a month. (*Id.* at 30-31).

In his R&R, Magistrate Judge Saporito recommends that the Motion to Dismiss be denied because the allegations sufficiently allege personal involvement by Symons in the wrongful conduct "by his direct participation in it, by his personal direction of his subordinates' conduct, and by his knowledge and acquiescence in the conduct of his subordinates." (Doc. 134, at 12). Although Magistrate Judge Saporito found that claims (1), (2), and (3) do not rise to the level of an Eight Amendment violation, claims (4) and (5), according to him, "plausibly plead the denial of the minimal civilized measure of life's necessities." (*Id.*, at 21).

Both Fattah and Symons filed objections to Magistrate Judge Saporito's R&R. Even though the R&R is favorable to Fattah, he nevertheless objects to Magistrate Judge Saporito's recommendations as to claims (1), (2), and (3), which he argues state a viable Eight Amendment claim. (*See* Doc. 141). Symons, on the other hand, objects to Magistrate Judge Saporito's recommendations as to claims (4) and (5), which he contends "smack of implausibility" (Doc. 140, at 11). I will address each claim in turn.

**(1)**

First, Fattah contends that Symons was deliberately indifferent to his serious medical needs because Symons failed to "set up a treatment plan, order specific methods of care for [Fattah's] medical needs, [and] prescribe medications." (Doc. 119, at 26). Specifically, Fattah contends that Symons failed to object to a plan for Fattah's feeding that presented Fattah with only two options: voluntarily self-feed or be strapped down and force-fed through his surgically implanted "J" tube. *Id.* Neither party disputes that Fattah's eating disorder constitutes a serious medical need. Rather, the dispositive inquiry is whether such

allegations are sufficient to meet the applicable "deliberate indifference" pleading requirement. *Farmer*, 511 U.S. at 837..

Courts in this Circuit have found "deliberate indifference" in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. *See Durmer*, 991 F.2d at 68 (citing *Lanzaro*, 834 F.2d at 346-47). The Third Circuit has also found "deliberate indifference" to exist where the prison official persists in a particular course of treatment "in the face of resultant pain and risk of permanent injury." *Napoleon*, 897 F.2d at 109-11 (holding that allegations of several instances of flawed medical treatment state a claim under Eighth Amendment).

Thus, I find that Fattah's allegation sufficiently allege that Symons acted with deliberate indifference towards a substantial risk of serious harm to Fattah. Taking Fattah's allegations as true, he alleges that the inaction by Symons, coupled with his acquiescence to the prison officials' allegedly improper feeding plan, resulted in Fattah's "deteriorating medical condition" as well as "malnutrition and emaciation." (Doc. 119, at ¶¶ 137-138). Fattah alleges that although he "informed Defendant Symons about his pain and suffering," Symons offered no "medical assistance" and failed to intervene to provide Fattah with proper nutrition. *Id.* Although a differing opinion as to the appropriate medical care does not amount to an Eighth Amendment violation, *Lanzaro*, 834 F.2d at 326, the same is not true of allegations that no care was provided at all. As such, Fattah goes beyond mere conclusory statements in his Third Complaint and provides sufficient factual allegations to allow him to proceed on claim (1).

**(2)**

Next, Fattah contends that Symons was deliberately indifferent to his serious medical needs because Symons failed to correct "unsanitary condition[s]" with respect to Fattah's surgically implanted feeding tube and the gastric feeding process used to provide him with nourishment. (Doc. 119, at 27-28). Fattah alleges that the medical staff "failed to keep the

feeding syringe/tube and bodily entry point clean." *Id.* Fattah alleges that he complained about these unsanitary conditions to Symons on several occasions, that Symons directly observed the unsanitary conditions himself, that Fattah suffered from at least three episodes of infections as a result of these unsanitary conditions, and that Symons "took no action to correct the problem." *Id.*

I find that Fattah has plausibly pleaded a claim for relief with respect to these allegations. Fattah's complaint sufficiently alleges that Symons personally directed the conduct of other officials involved in the administering of Fattah's feedings and medications, that he had actual knowledge of the alleged wrongful conduct, and that he acquiesced in that conduct. Moreover, Fattah claims that the absence of any efforts to correct the unsanitary conditions resulted in three instances of infections "of the entry point of the feeding tube into his body," (*Id.* at ¶ 141), which sufficiently alleges some degree of indifference in violation of the Eight Amendment. Thus, Fattah will be able to proceed on claim (2).

**(3)**

Fattah next contends that Symons was deliberately indifferent to his serious medical needs because Symons failed to take action to remedy the "poor quality of the air" in Fattah's cell, which caused Fattah to suffer asthma attacks and bouts of coughing so violent that he broke his ribs. (Doc. 119, at 28-30). Neither party disputes that Fattah's asthma attacks constitute a serious medical need. The question again is whether Fattah has properly alleged the requisite culpable state of mind for a viable Eight Amendment claim. I find that he has not.

Although Fattah initially alleges that he received no treatment for the broken ribs, he also states that Symons in fact did prescribe medication to alleviate Fattah's pain. Further, after complaints of bouts of coughing, Symons attended to Fattah and diagnosed him as suffering from asthma for which Symons prescribed an inhaler. After Fattah complained that the inhaler was ineffective in controlling his asthma, Symons, as Fattah himself acknowledges, "changed [Fattah's] inhaler prescription 2-3 times" to accommodate him.

(Doc 119, at ¶ 149).

I agree with Magistrate Judge Saporito that such allegations are nothing more than a challenge to the particular course of treatment Fattah received, which does not rise to the level of an Eighth Amendment violation. *See Lanzaro*, 834 F.2d at 346; *Farmer*, 685 F. Supp. at 1339; *see also Winslow v. Prison Health Servs.*, 40 Fed. App'x 671, 674-75 (3d Cir. 2011) (consideration of cost in choosing treatment alternatives does not constitute deliberate indifference); *Vernon v. Hyde*, 2016 WL 4011269, at *6 (M.D. Pa. July 27, 2016) (finding that an inmate's disagreement with a physician's course of treatment in prescribing one form of asthma inhaler instead of another, more effective one does not constitute deliberate indifference to a prisoner's serious medical needs). While Fattah was dissatisfied with Symons' proposed treatment, Symons nevertheless attended to his care and responded to his medical needs, and a differing opinion as to the appropriate medical care does not amount to an Eighth Amendment violation. *Lanzaro*, 834 F.2d at 326. *See also Taylor v. Norris*, 36 F. App'x 228, 229 (8th Cir.2002) (deliberate indifference claim failed when it concerned a disagreement over recommended treatment for hernias and decision not to schedule a doctor's appointment); *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1024-35 (7th Cir.1996) (inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); *Sherrer v. Stephen*, 50 F.3d 496, 497 (8th Cir.1994) (inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir.1990) (inmate failed to prove deliberate indifference where his complaints represented nothing more than mere disagreement with course of his medical treatment). Thus, Fattah will not be permitted to proceed on claim (3).

**(4)**

Fattah contends that Symons was deliberately indifferent to his serious medical needs because, on multiple occasions, despite Fattah's protestations, he directed his subordinates to overfeed Fattah, force-feeding him a double-helping of nourishment twice

10

a day instead of the four regular gastric feedings typically provided, causing Fattah to vomit and suffer pain. (Doc. 119, at 30). Magistrate Judge Saporito found that these allegations plausibly plead "the unnecessary and wanton infliction of pain." In his response to the R&R, Symons argues, however, that

> Magistrate Judge Saporito ignores fatal flaws in the third amended complaint as to this issue. . . . Fattah never indicates whether this occurred on more than one occasion or more than once. A single or occasional incident involving improper feeding fails to establish that plaintiff has been denied life's necessities. . . . [Also,] The third amended complaint also fails to allege that Dr. Symons knew or had any reason to believe that the alleged doubled-up feeding could subject Fattah to a substantial risk of harm. Fattah does not allege that Dr. Symons created an understaffing problem, but only that he attempted to provide needed medical treatment to Fattah despite an understaffing problem. This shows only that Dr. Symons reasonably responded to a problem not of his own making. No allegation appears that Dr. Symons continued doubled up feedings when understaffing was not a problem, or after Fattah exhibited discomfort from the doubled up feedings. These omissions show that no basis exists to conclude that Dr. Symons acted with knowledge that his conduct posed an excessive risk of harm to Fattah.

(Doc. 140, at 7). I agree.

Mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation. *Estelle*, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer*, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. *Clark v. Doe*, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D. Pa. Oct.13, 2000). Thus, such complaints fail as constitutional claims because the exercise by a doctor of his professional judgment is never deliberate indifference. *See, e.g.*, *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir.1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."). *See also Gindraw v. Dendler*, 967 F.Supp. 833, 836 (E.D. Pa.1997).

Although an inmate may prefer a different course of treatment, his preference alone

11

cannot establish deliberate indifference because second-guessing of physicians' professional judgment is not the province of the courts. Rather, courts in this Circuit have frequently rejected Eighth Amendment claims that are based upon the level (as opposed to presence or absence) of professional care that an inmate received. *See, e.g.*, *Ham v. Greer*, 269 F. App'x 149 (3d Cir.2008); *James v. Dep't of Corrections*, 230 F. App'x 195 (3d. Cir.2007); *Gillespie v. Hogan*, 182 F. App'x 103 (3d Cir.2006); *Bronson v. White*, 2007 WL 3033865 (M.D.Pa. Oct.15, 2007); *Gindraw v. Dendler*, 967 F.Supp. 833 (E.D.Pa.1997). This is particularly true where it can be shown that medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services.

Judged against these standards, Fattah cannot sustain an Eighth Amendment deliberate indifference claim against Symons. Not only did Fattah receive care, he concedes that Symons was merely trying "to address the prison under staffing problem" when he prescribed the course of treatment with which Fattah is dissatisfied (Doc. 119, at ¶ 145), undermining Fattah's allegation that Symons acted with the requisite culpable state of mind amounting to deliberate indifference. Fattah is also unable to show that the doubled feedings in fact created a substantial risk of harm to Fattah, and that Symons was aware of such risk or that he disregarded the risk following Fattah's complaints. As the Third Circuit has held, "[t]o be liable on a deliberate indifference claim, a defendant prison official must both know of and disregard an excessive risk to inmate health or safety. The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citations omitted).

By alleging that Symons doubled Fattah's food portions in response to a staffing problem, Fattah is unable to sufficiently allege that Symons acted with knowledge that his conduct posed an excessive risk of harm to Fattah. Although in hindsight, given the pain and suffering Fattah alleges he experienced, Symons' decisions may constitute negligence, even actionable medical malpractice, they do not rise to a level of a viable Eight

Amendment deliberate indifference claim. Thus, Fattah will not be able to proceed on claim (4).

**(5)**

Finally, Fattah alleges that he was denied food for nearly a month without explanation, that he complained about this to Symons, and that Symons failed to reinstate Fattah's scheduled gastric feedings. (Doc. 119, at 30-31).

I agree with Magistrate Judge Saporito that these allegations plausibly plead "the unnecessary and wanton infliction of pain." *See Hudson*, 503 U.S. at 5. Fattah sufficiently alleges that Symons personally directed the conduct of other officials involved in the administration of food, that he had actual knowledge of the alleged wrongful conduct, and that he acquiesced in that conduct. Fattah alleges that such disregard for his needs resulted in "unnecessary severe pain and suffering, loss of weight, emaciation and malnutrition." (Doc. 119, at ¶ 154).

The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400 (1981), but neither does it permit inhumane ones. Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement. They must ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832. Fattah claims he did not receive adequate food and that denial of food was not due to a medical necessity (or for non-medical reasons). Here, the purported deprivation of food is of such magnitude as to rise to the level of a constitutional violation. *See Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983) (a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim); *see also Lindsey v. O'Connor*, 327 F. App'x. 319, 321 (3d Cir.2009). Fattah's allegations plausibly plead the denial of the minimal civilized measure of life's necessities. *See Robinson v. Sobina*, 2011 WL 6056894, at *8 (W.D. Pa. Dec. 6, 2011) (finding that the denial of food for five days may constitute cruel and unusual punishment).    As such, Fattah will be allowed to pursue claim (5).

### IV. Conclusion

For the above stated reasons, Magistrate Judge Saporito's Report and Recommendation will be adopted in part and rejected in part. Symons' motion to dismiss will be denied, and Fattah will be allowed to proceed on claims (1), (2), and (5).

An appropriate order follows.

November 4, 2016　　　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge