# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDEL FATTAH,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF RACKOVAN, *et al.*,<br><br>    Defendant. | NO. 3:10-cv-1607<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is Magistrate Judge Arbuckle's Report and Recommendation ("R&R") (Doc. 204) regarding Defendant Symon's Motion for Summary Judgment (Doc. 156). Plaintiff Abdel Fattah, a prisoner at SCI Rockview, claims that Defendant, Dr. Symons, a member of the medical staff at SCI-Rockview violated his civil rights. Dr. Symons moved for summary judgment, arguing that Fattah failed to exhaust administrative remedies at the prison and that Fattah has not produced evidence supporting his claims. (*See* Doc. 156). I will adopt Magistrate Judge Arbuckle's Report and Recommendation in full, as Dr. Symons did not violate Fattah's constitutional rights to adequate medical care under the Eighth Amendment. The Defendants' Motion for Summary Judgment will therefore be granted.

## **I. Background**

The parties are familiar with the facts, so I provide here only a brief background. (I will address additional facts as they become relevant to my analysis of Fattah's specific objections.) During the time period relevant to this action, Fattah was an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"). (*See* Doc. 119, at 3).While incarcerated, Fattah developed an eating disorder, and as a result, had a feeding tube implanted. (*See* Doc. 196-2). Fattah filed grievances regarding a number of matters during his time at SCI Rockview, including his

healthcare. (*See* Doc. 196-6).

Fattah has since amended his complaint three times, and the operative complaint is the Third Amended Complaint. (*See* Doc. 119). After a lengthy period of motions practice, the only cause of action that remains in this case is the violation of Fattah's Eighth Amendment right to medical care by Dr. Symons (*See* Docs. 35, 61, 144, 145, 206). Fattah's claims against Dr. Symons include: (1) failure to "set up a treatment plan [for his eating disorder], order specific methods of care for his medical needs, [and] prescribe medications (Doc. 119, ¶¶ 130-138), (2) failure to correct "unsanitary condition[s]," regarding Fattah's feeding tube and the gastric feeding process (Doc. 119, ¶¶ 139-143), and failure to intervene when Fattah's gastric feedings were denied for nearly a month and reinstate them (Doc. 119, ¶¶ 153-154).

Dr. Symons moved for summary judgment in December 2017 (*See* Doc. 156), filing a Brief in Support (Doc. 164) and a Statement of Facts (Doc. 157). In response, Fattah filed a Brief in Opposition (Doc. 180-1), and a two page response to the Defendants' Statement of Facts (Doc. 179). When Dr. Symons, among other Defendants, failed to comply with one of the Middle District of Pennsylvania's Local Rules, Magistrate Judge Arbuckle, acting *sua sponte*, gave Dr. Symons leave to file compliant evidentiary exhibit indices in support of his Motion for Summary Judgment. (*See* Docs. 174). He timely did so. (*See* Docs. 178). In answering the Dr. Symons's Statements of Facts, however, Fattah also failed to comply with one of the Middle District of Pennsylvania's Local Rules. (*See* Doc. 179). In light of this error, Magistrate Judge Arbuckle, proceeded to issue a Report and Recommendation granting the Dr. Symons's Motion for Summary Judgment, which rested upon deeming Defendants' facts admitted. (*See* Doc. 188).

I rejected Magistrate Judge Arbuckle's Report and Recommendation after concluding that it was inequitable for Dr. Symons to receive a chance to remedy a failure to comply with the Local Rules when Fattah was not afforded the same opportunity. (Doc. 193). I granted Fattah a similar opportunity to cure his

2

noncompliance with Local Rule 56.1 and recommitted the matter to Magistrate Judge Arbuckle for further proceedings. (*See* Doc. 193). Fattah timely complied. (*See* Docs. 194-196). Magistrate Judge Arbuckle proceeded to recommend that summary judgment be granted in favor of Dr. Symons, because Fattah has still failed to demonstrated as a matter of law any violation of his Eighth Amendment right to medical care. (*See* Doc. 204). Fattah objected to the Report and Recommendation. (*See* Doc. 209). The Report and Recommendation and the objection is thus now ripe for review.

## II. Legal Standard

### A. Review of the R&R

If objections to a magistrate judge's R&R are filed, I must conduct a *de novo* review of the R&R's contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)). I may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits me to rely on the recommendations of the magistrate judge to the extent I deem it proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the least, courts should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### B. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A court may grant a motion for summary judgment if, after it considers all probative materials of record, with inferences

3

drawn in favor of the non-moving party, the court is satisfied that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 218 (3d Cir. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S. Ct. 2548, 2556, 91 L. Ed. 2d 265 (1986); *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000)). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law. A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)). "In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter . . . ." *American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 587, 581 (3d Cir. 2009) (citing *Anderson*, 477 U.S. at 248-49, 106 S. Ct. 2505).

The moving party bears the initial burden to identify "specific portions of the record that establish the absence of a genuine issue of material fact." *Santini*, 795 F.3d at 416 (citing *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548, 2553). If this burden is satisfied by the movant, the burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)). The nonmovant's burden is not satisfied by "simply show[ing] that there is some metaphysical doubt as to the material facts." *Chavarriaga*, 806 F.3d at 218.

### III. Discussion

Magistrate Judge Arbuckle recommended summary judgment be granted with respect to Fattah's Eighth Amendment claims against Dr. Symons, because Fattah did not exhaust the available administrative remedies against Dr. Symons before pursing

this action. (*See* Doc. 204). I will adopt Magistrate Judge Arbuckle's Report and Recommendation in full.

The Prison Litigation Reform Act ("PLRA") requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."42 U.S.C. § 1997e(a). "The Supreme Court has held that this exhaustion requirement is mandatory and that a prisoner must properly exhaust administrative remedies." *Kantamanto v. King*, 651 F. Supp. 2d 313, 321 (E.D. Pa. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 85, 90–92 (2006)). "[E]xhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cnty.*, 728 F.3d 265, 269 (3d Cir. 2013). "Proper exhaustion requires pursuing a grievance through all available levels of appeal." *Kantamanto*, 651 F. Supp. 2d at 321 (citing *Woodford*, 548 U.S. at 89, 93; *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir.2004)). Federal courts must analyze exhaustion "within the applicable prison grievance system." *Spruill*, 372 F.3d at 231. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

The court will take judicial notice of the Pennsylvania Department of Corrections (DOC) policy statement, DC-ADM 804, which applies at SCI-Rockview, titled "Inmate Grievance System."[1] It consists of a three-step procedure for the resolution of inmate grievances. (Doc. 159-1, at 9-17). The procedure requires that inmates resolve any issues concerning the conditions of their confinement by first

---

[1]

This policy is publicly available on the DOC's website at www.cor.pa.gov. The version of the policy that applied during the time period relevant to Fattah's Third Amended Complaint is available in Doc. 159-1.

5

submitting a grievance for "Initial Review" to the Facility Grievance Coordinator using an official form "within 15 working days after the event upon which the claim is based." (Doc. 159-1, at 10-12). In the grievance,

> [t]he inmate will identify any person(s) who may have information that could be helpful in resolving the grievance . . . The inmate will also specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law. If the inmate desires compensation or other legal relief normally available from a court, the inmate shall request the specific relief sought in his/her initial grievance.

(Doc. 159-1, at 10). If the Grievance Coordinator's decision is unfavorable, the inmate may appeal the decision to the Facility Manager within 10 working days. (Doc. 159-1, at 13-14). If that appeal is unsuccessful, the inmate may then appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA) within 15 working days. (Doc. 159-1, at 14-17). When filing an appeal, an inmate:

> is responsible for providing the Secretary's Office of Inmate Grievances and Appeals with all required documentation relevant to the appeal. A proper appeal to final review shall include photocopies of the initial grievance, initial review response, the inmate appeal to the Facility Manager, and the Facility Manager's decision. Failure to provide the proper documentation may result in the appeal being dismissed.

(Doc. 159-1, at 15). After this appeal, the inmate has exhausted his available administrative remedies. *See Spruill*, 372 F.3d at 232; *Booth v. Churner*, 206 F.3d 289, 292 n.2 (3d Cir. 2000).

In objecting to Magistrate Judge Arbuckle's finding on proper exhaustion, Fattah contends that Magistrate Judge Arbuckle did not analyze whether "'on the books remedies' were available" to him. (Doc. 209, at 17). He further argues that he stated in his deposition that the Defendants have not provided an accurate record of the grievances that he filed. (Doc. 209, at 17). Fattah relies on *Paladino v. Newsome* to demonstrate that this sworn statement presents a genuine dispute of material fact regarding whether he exhausted his administrative remedies against Dr. Symons. 855 F.3d 203 (3d Cir. 2018). (*See* Doc. 209, at 17; Doc. 198, at 8-9). In *Paladino*, the plaintiff stated in his deposition that "he filed 'numerous forms' and 'appealed numerous responses' that "vanished after being properly submitted and/or filed."

6

*Paladino,* 855 F.3d at 206. He further stated that many of his grievances, specifically related to the use of excessive force, had gone missing. *Id.* The Third Circuit held that the plaintiff's sworn statements were sufficient to create a material dispute, because they set forth specific facts regarding the use of excessive force. *Id*. at 209-210. Fattah analogizes *Paladino* to his case, because he "stated at deposition that he filed approximately 5000 grievances while at Rockview," but "[t]he Defendant has only presented evidence as to 80 or so odd grievances." (Doc. 198 at 9).

Dr. Symons has identified a record of thirty-one (31) grievances filed by Fattah that relate to his medical care. (Doc. 164, 15-18; Doc. 156-6). While it is true that Fattah did state in his deposition that he filed "approximately thousand [sic] grievance [sic]," he does not specifically allege that a portion of these missing grievances are medical grievances or that they involve the actions of Dr. Symons. (Doc. 195-1, p 79:17-80:16). There is no other evidence that suggests Fattah filed other medical grievances or grievances specifically concerning Dr. Symons. Thus, Fattah's statements about the thousands of missing grievances that he filed are insufficient to create a genuine dispute regarding whether Fattah exhausted his administrative remedies against Dr. Symons before pursuing this action. I will proceed to analyze the thirty-one (31) medical grievances identified by Dr. Symons. (*See* Doc. 164, 15-18; Doc. 156-6)

Fattah did not properly appeal any of the medical grievances that Dr. Symons identified through each step of the DOC's Inmate Grievance System. Twenty-six (26) of Fattah's healthcare related grievances, Nos. 334327, 334333, 337095, 334321, 336614, 338723, 332015, 334324, 334329, 334331, 334942, 335308, 335313, 345823, 346291, 362096, 398652, 398653, 400851, 400402, 400853, 401119, 401754, 401889, 402005, 330611[2], were dismissed because Fattah failed to provide the required

---

[2] The final appeal for grievance, No. 330611, was also dismissed as untimely.

supporting documentation. (Doc. 156-6, at 3). When the SOIGA dismisses an inmate's grievance for failure to provide the required documentation with the appeal, dismissal of the related claims in federal court is appropriate due to lack of PLRA exhaustion. *See Sanders v. Sec'y Pennsylvania Dep't of Corr.*, 602 F. App'x 54, 57 (3d Cir. 2015); *Miller v. Price*, No. 3:CV-14-0301, 2016 WL 1089155, at *7 (M.D. Pa. Mar. 21, 2016). The remaining five (5) medical grievances, Nos. 289423, 295659, 306837, 309552, 375092, were dismissed by the SOIGA as untimely. (Doc. 156-6, at 4). Fattah has not challenged Dr. Symons's position that the SOIGA dismissed these grievances for failure to comply with the Inmate Grievance System. Accordingly, I will adopt Magistrate Judge Arbuckle's recommendation that Dr. Symons's Summary Judgment Motion be granted, because Fattah failed to properly exhaust his PLRA remedies with respect to the thirty-one (31) healthcare grievances that he filed, which relate to his Eighth Amendment claims against Dr. Symons.[3]

## IV. Conclusion

For the above stated reasons, Magistrate Judge Arbuckle's R&R (Doc. 204) will be adopted, and the Motion for Summary Judgment filed by Defendant, Dr. Symons (Doc. 156) will be granted.

An appropriate order follows.

February 12, 2020          /s/A. Richard Caputo
Date          A. Richard Caputo
         United States District Judge

---

documents.

[3] In his Motion for Summary Judgment, Dr. Symons also raises a variety of other arguments as to why he is entitled to summary judgment. I will not address these arguments as summary judgement for Dr. Symons is appropriate, because Fattah failed to exhaust his administrative remedies under the PLRA.