**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ABDEL FATTAH,

         Plaintiff,

   v.

JEFF RACKOVAN, *et al.*,

         Defendants.

No. 3:10-CV-01607

(Judge Brann)

**MEMORANDUM OPINION**

**SEPTEMBER 15, 2020**

## I.  BACKGROUND

This case was first filed in the Middle District of Pennsylvania in August 2010.  Over nearly the next decade, the Court dismissed claims against the various defendants in the action.  On February 12, 2020, summary judgment was granted as to the last-remaining Defendant and the case was marked as closed.[1]  Plaintiff Abdel Fattah (hereinafter "Plaintiff") has taken his appeal, which is currently pending before the United States Court of Appeals for the Third Circuit.  Two motions, however, are currently before this Court.  First, Defendant John T. Symons (hereinafter "Defendant Symons") has filed a motion to dismiss Plaintiff's

---

[1]  *See* Doc. 212.  In June 2020, this case was reassigned to me, following the death of my colleague, the Honorable A. Richard Caputo.

notice of appeal.[2]  Second, Plaintiff has filed a motion to amend his notice of appeal.[3]

Both motions are now ripe for disposition.  The Court addresses each motion in turn.  First, Defendant Symons's motion to dismiss Plaintiff's notice of appeal is denied because this question should be properly addressed to the Third Circuit. Second, Plaintiff's motion to amend his notice of appeal is also denied because he has not shown excusable neglect or good cause.

## II.   DISCUSSION

### A.   Defendant Symons's Motion to Dismiss Plaintiff's Notice of Appeal

On April 10, 2020, Plaintiff filed a notice of appeal "to the United States Court of Appeals for The Third Circuit from the Order dated February 12, 2020."[4] On April 15, 2020, Defendant Symons filed a motion to dismiss Plaintiff's notice of appeal.  Defendant Symons's argument is essentially as follows:  Federal Rule of Appellate Procedure ("Fed. R. App. P.") 4 required Plaintiff to file a notice of appeal in this Court within 30 days of the February 12, 2020 Order.[5]  Because Defendant Symons is not an employee of the United States and the United States is not party to the appeal, Plaintiff is not entitled to the 60-day time limit provided

---

[2]   Doc. 216.
[3]   Doc. 219.
[4]   Doc. 213.
[5]   Doc. 217.

under Fed. R. App. P. 4(a)(1)(B).[6]  Therefore, Defendant Symons contends that

Plaintiff's notice of appeal is untimely.[7]

Unsurprisingly, Plaintiff has a different view of the issue.  Plaintiff argues

that his deadline for filing the notice of appeal was 60 days after the entry of the

February 12, 2020 Order.[8]  Plaintiff's position is that he clearly identified a federal

employee defendant in the caption of his appeal, and that it is irrelevant that

Defendant Symons himself is not an employee of the United States.[9] Therefore,

Plaintiff argues that he timely filed his notice of appeal.[10]

Although the parties' arguments are well-taken, they are also improperly

directed to this Court.  Instead, Defendant Symons should raise this issue with the

Third Circuit.  It is not for this Court to decide for the Court of Appeals whether it

has jurisdiction over this appeal.  The law is settled; the filing of a notice of appeal

is "an event of jurisdictional significance – it confers jurisdiction on the court of

appeals and divests the district court."[11]  While a "premature notice of appeal does

not divest the district court of jurisdiction,"[12] that is not the issue here.  Rather, the

question is whether the notice of appeal was timely filed or was submitted to this

Court *after* the deadline imposed by Fed. R. App. P. 4.  Our Court of Appeals is in

---

[6]   *Id.*
[7]   *Id.*
[8]   Doc. 218.
[9]   *Id.*
[10]  *Id.*
[11]  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also In re Mercedes-Benz Emissions Litig.*, 797 Fed.Appx. 695, 698-99 (3d Cir. 2020).
[12]  *Bensalem Tp. v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (internal citations omitted).

the best position to determine its own jurisdiction.  If the Third Circuit finds that Plaintiff's notice of appeal was untimely, it may dismiss the appeal for lack of jurisdiction, as it has done in other cases.[13]  The question of whether Plaintiff's notice of appeal was timely "is a question of law over which [the Court of Appeals] exercise[s] plenary review."[14]

Because Defendant Symons's motion to dismiss Plaintiff's notice of appeal was submitted to the incorrect court, it is denied.

### B.    Plaintiff's Motion to Amend the Notice of Appeal

On May 4, 2020, the same day that Plaintiff filed a brief in opposition to Defendant Symons's motion to dismiss the notice of appeal, he filed a motion to amend the notice of appeal.[15]  Shortly thereafter, Defendant Symons filed objections and briefing in opposition to Plaintiff's motion.[16]

Plaintiff's initial notice of appeal explicitly states that he appeals the Order entered by Judge Caputo on February 12, 2020.[17]  Plaintiff now seeks leave to amend his notice, pursuant to Fed. R. App. P. 4(a)(5), in order to include references to other Orders entered by Judge Caputo throughout the duration of this litigation, which dismissed, *seriatim*, the various claims against the numerous

---

[13]  *See, e.g.*, *Lizardo v. U.S.*, 619 F.3d 273, 274 (3d Cir. 2010) (dismissing appeal for lack of jurisdiction because notice of appeal was untimely); *Jarvis v. Analytical Laboratory Services, et al.*, No. 13-2416 (3d Cir. Aug. 12, 2013) (order issued by the Third Circuit dismissing appeal for lack of appellate jurisdiction, where plaintiff filed notice of appeal after deadline had passed).

[14]  *DL Resources, Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 213 (3d Cir. 2007).

[15]  Doc. 219.

[16]  Docs. 221-223.

[17]  Doc. 213.

defendants.[18]  In other words, Plaintiff seeks to plainly state his intent to appeal additional orders from: 12/13/2010; 03/23/2012; 04/24/13; 02/14/2014; and 12/18/2019.[19]

Defendant Symons objects to Plaintiff's motion.  He argues that Plaintiff's initial notice of appeal was untimely filed, and that the motion to amend the notice is merely an attempt to "include previous defendants and claims, which would extend the filing deadline to 60 days to save the appeal."[20]

In support of his motion to amend the notice of appeal, Plaintiff states that he was instructed by the Third Circuit to "pursue Appeal . . . only upon the entry of the order . . . that dismissed all claims against all defendants."[21]  He explains that his decision to only reference the final order was directly in response to the Third Circuit's dictate in an order dated March 28, 2013.[22]

Unlike the previous motion, this Court can, and will, rule on the merits of this motion.[23]  Plaintiff asserts that pursuant to Fed. R. App. P. 4(a)(5)(i), this Court may extend the time to file a notice of appeal "where the moving party

---

[18]  Doc. 219 at 3.
[19]  *Id*.
[20]  Doc. 222 at 2.
[21]  Doc. 220 at 2.
[22]  *Id*.
[23]  At the outset, I note that at least one district court has commented on the fact that the "Appellate Rules do not explicitly provide for motions to amend a notice of appeal." *Rumbough v. Equifax Information Services LLC*, 2018 WL 3821719 at *2 (M.D. Fla. June 25, 2018).  This fact could potentially serve as an independent reason to deny the motion. However, as a number of other courts have entertained such motions, I conduct the analysis under Fed. R. App. P. 4(a)(5) and consider whether Plaintiff would be entitled to an extension under that rule.

requests that it do so no later than 30 days after the time for filing of the notice of appeal as prescribed at Rule 4(a) expires."[24]  Plaintiff is partially correct, but somehow overlooks the second prong of the rule, requiring that the moving party show "excusable neglect or good cause."[25]  Simply requesting an extension within the allowable period of time is insufficient for this Court to grant the motion. Rather, the Court must also assess whether or not Plaintiff has established either excusable neglect or good cause.[26]

Plaintiff's brief in support of his motion offers almost nothing to guide this Court in determining whether he has satisfied either basis upon which the Court could grant his motion.  Essentially, Plaintiff claims that because the Court of Appeals directed him to appeal the order "that dismissed all claims against all Defendants, Plaintiff's notice of appeal named a Federal Defendant as the lead defendant and the remaining Defendants under the rubric 'et. al', but did not list each of the pre-2020 orders that disposed of the claims against the other

---

[24]  Doc. 220 at 2-3.
[25]  *See* Fed. R. App. P. 4(a)(5) Motion for Extension of Time.
    (A) The district court may extend the time to file a notice of appeal if:
    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; **<u>and</u>**
    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
    (emphasis added).
[26]  Because the Court finds that Plaintiff has shown neither excusable neglect nor good cause, I do not address whether Plaintiff made his request "no later than 30 days after the time prescribed by" Fed. R. App. P. 4.  That issue implicates the question of when Plaintiff's notice of appeal was due, which as previously noted, is best left to our Court of Appeals and is unnecessary for me to rule on Plaintiff's motion to amend his notice of appeal. Even assuming, *arguendo*, that Plaintiff was entitled to the 60-day deadline, his motion fails because he has not established excusable neglect or good cause.

Defendants."[27]  Plaintiff argues that he was simply "follow[ing] the strict

requirement of the Court of Appeals by referencing the penultimate order of [the

District Court] that dismissed all remaining claims . . ."[28]

Excusable neglect and good cause are "separate bases upon which a Rule

4(a)(5) extension can be granted . . ."[29]  As the Third Circuit has noted, the

Advisory Committee's Notes on the 2002 Amendments make clear the distinction

between the two standards. The excusable neglect standard "applies in situations in

which there is fault" – in other words, where "the need for an extension is usually

occasioned by something within the control of the movant."[30]  The good cause

standard applies "in situations in which there is no fault – excusable or

otherwise."[31]  These are cases where the need for an extension is "occasioned by

something that is not within the control of the movant."[32]

First, the Court considers whether Plaintiff has shown excusable neglect.

The Supreme Court of the United States has previously held that the determination

of whether neglect is excusable is "at bottom an equitable one, taking account of

---

[27]  Doc. 220 at 2.
[28]  Doc. 220 at 3.
[29]  *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 n. 2 (3d Cir. 2012).
[30]  Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments).
[31]  *Id.*
[32]  *Id.*

Case 3:10-cv-01607-MWB   Document 224   Filed 09/15/20   Page 8 of 14

all relevant circumstances surrounding the party's omission."[33]  Courts within the

Third Circuit apply the *Pioneer* factors in the context of Fed. R. App. P. 4(a)(5):

> Factors to consider when making this equitable determination include
> "the danger of prejudice to the [nonmovant], the length of the delay
> and its potential impact on judicial proceedings, the reason for the
> delay, including whether it was within the reasonable control of the
> movant, and whether the movant acted in good faith."[34]

Considering the factors together, the Court is not convinced that Plaintiff has

shown excusable neglect.  There is some prejudice to Defendant Symons (and the

other Defendants) in potentially having to defend against additional orders and

incurring those costs of litigation, but the Defendants would have had to defend

appeals against those orders if Plaintiff had filed the proposed amended motion in

the first instance.[35]  Therefore, the prejudice does not seem severe.  Next, though

this motion was submitted toward the end of the 30-day window granted by Fed.

R. App. P. 4(a)(5)(A)(i),[36] its impact on judicial proceedings, at least in this Court,

---

[33]  *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395
(1993).

[34]  *Grant v. Revera Inc./Revera Health Systems*, 655 Fed.Appx. 914, 919 (3d Cir. 2016) (quoting
*Pioneer*, 507 U.S. at 395 (1993)).

[35]  *See Ragguette*, 691 F.3d 315, 332 (3d Cir. 2012) ("The District Court appropriately noted
that Premier would have faced the prospect of a trial even if its opponent had filed a notice of
appeal within the applicable 30–day period.).

[36]  This assumes that Plaintiff is correct in his assertion that he is entitled to the 60-day window
provided under Rule 4(a)(1)(B).  As discussed above, this Court passes no judgment on that
question, but if the notice of appeal should have been submitted within 30 days of the
February 12, 2020 judgment, then Plaintiff's motion for an extension of time is clearly
untimely.

"cannot be considered significant as this Court ha[s] closed the case."[37]  This

second factor weighs in favor of granting the motion.

I consider the third and fourth factors together, and both weigh against

granting the motion.  Plaintiff's explanation for why he seeks to amend his notice

of appeal is both cryptic and unconvincing.  Plaintiff claims that the language of

his initial notice of appeal was the result of "follow[ing] the strict requirement" of

the Third Circuit,[38] but that allowing him to amend the notice of appeal "would be

in the best interests of justice and provide all Defendants notice of their

opportunity to protect their interests should they wish to do so."[39]  Both Plaintiff's

argument and the timing thereof appear suspect.

Plaintiff's notice of appeal was filed on April 10, 2020, almost 60 days after

the case was closed.  On April 15, 2020, Defendant Symons moved to dismiss the

notice as untimely.  For more than two weeks, Plaintiff did not respond to this

motion.  Then, on Friday, May 1, 2020, counsel for three other defendants in the

original litigation submitted a letter to the Court of Appeals.[40]  In that letter,

counsel quoted from Plaintiff's notice of appeal, which explicitly referenced the

February 12, 2020 Order granting Defendant Symons's motion for summary

judgment and closing the case.  Counsel for those Defendants informed the Court

of Appeals that his clients did not intent to participate in the appeal docketed with

---

[37] *Ostuni v. WaWa's Mart*, 2013 WL 1632616 at *2 (M.D. Pa. Apr. 16, 2013)
[38] Doc. 220 at 3.
[39] *Id*.
[40] *Abdel Fattah v. Kelly Mitra, et al.*, No. 20-1788, Doc. 7.

the Third Circuit, presumably because the February 2020 Order did not involve them.[41]  On Monday, May 4, 2020, Plaintiff filed his motion to amend the notice of appeal with this Court.[42]  Again, the timing of events is telling.

It appears to this Court that Plaintiff's motion to amend the notice of appeal is an attempt to guarantee that he can take advantage of the 60-day deadline for filing the notice – instead of potentially being subject to the 30-day deadline – and to ensure that an appeal is heard on five other orders.  Plaintiff's proffered altruistic motive for amending his notice appears more calculated upon closer inspection.  In *Ragguette*, the Third Circuit made clear that it sought to deter avoidable mistakes in connection with the "relatively simple" task of filing a timely notice of appeal.[43] This Court believes that filing a *clear* notice of appeal is equally important and equally simple.

In addition to the *Pioneer* factors, I am to consider the set of factors established by the Third Circuit in *Consolidated Freightways Corp. of Del. v. Larson*[44] and reemphasized in *Ragguette*.[45]  Those factors, which supplement the *Pioneer* factors, are as follows:

> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from

---

[41]  *Id.*
[42]  Doc. 219.
[43]  *Ragguette*, 691 F.3d 315, 333 (3d Cir. 2012).
[44]  827 F.2d 916 (3d Cir. 1987).
[45]  691 F.3d 315 (3d Cir. 2012).

> counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.[46]

These factors also caution against granting Plaintiff's motion.  Plaintiff's counsel, Sandra Greene, Esquire, is a member of the Pennsylvania Bar and has been practicing law for more than 30 years.  She has practiced in this Court, the Third Circuit, and many other federal courts.  While this Court makes no comment on the general quality of counsel's practice, it seems that seeking to amend a notice of appeal in this manner reflects at least some absence of consideration or diligence in the drafting of the initial notice.  Likewise, the attempt to take an appeal in 2013, before final judgment had been rendered, suggests a certain absence of familiarity with the rules.  As the Supreme Court noted in *Pioneer*, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[47]

Furthermore, the Court reviewed Plaintiff's proposed Amended Notice of Appeal.[48]  The only substantive difference appears to be that Plaintiff's second attempt explicitly references an additional five orders to be appealed.  Plaintiff's counsel is clearly capable of drafting a notice that references more than one order for appeal.  It is unclear to the Court why Plaintiff could not have filed this version in the first instance and avoided this motion altogether.

---

[46]  *Id*. at 326 (internal citations omitted).
[47]  507 U.S. 380, 392 (1993).
[48]  Doc. 220 Ex. 1.

Plaintiff's rationale for amending the notice is also incapable of verification by the Court. Again, Plaintiff claims he simply seeks to clarify his notice of appeal "in the best interests of justice" and to "provide all Defendants notice of their opportunity to protect their interests."[49] Equally likely is that as a result of Defendant Symons's motion to dismiss the notice of appeal, and the letter filed by defense counsel with the Court of Appeals, Plaintiff realized his notice did not explicitly identify all orders to be appealed, became concerned that the Court of Appeals might deem it untimely or exclude certain issues from appeal, and is attempting to correct that error. The problem is that this Court cannot verify Plaintiff's rationale.

Finally, the Court is not satisfied that Plaintiff made substantial good faith efforts toward compliance. Plaintiff's claim that he was following the Third Circuit's dictate is unconvincing. If Plaintiff's position is that he correctly followed instructions from the Court of Appeals, there should be no reason to amend the notice of appeal. Again, it seems that Plaintiff has now recognized a mistake and seeks to correct it; but rather than admit this error and show excusable neglect, Plaintiff tries to convince the Court that allowing this amendment is in the best interests of the various Defendants. I am not convinced. Unfortunately for Plaintiff, the Supreme Court has clearly stated that "clients must be held

---

[49]   Doc. 220 at 3.

accountable for the acts and omissions of their attorneys."[50]  In any event, he has not shown excusable neglect to amend the notice.

Having considered the question of whether Plaintiff's conduct constitutes excusable neglect, I must also ask whether Plaintiff has shown good cause.  I conclude that he has not.  As the Court of Appeals has stated, the good cause prong is "reserved for events over which the filing party has no control."[51]  Plaintiff does not assert any event that prevented him from filing his notice of appeal or that otherwise shows good cause.  In fact, Plaintiff filed his notice of appeal when he saw fit to, in the manner that he wished to; he now simply seeks to amend the notice of appeal to include information he omitted the first time around.  The decision of which orders to reference in the filed notice of appeal was entirely within Plaintiff's control.  Therefore, he has not shown good cause for his motion.[52]

Based on the above, Plaintiff has not established either excusable neglect or good cause for his motion.  Therefore, this Court need not address the question of whether Plaintiff's motion is timely.  Plaintiff's motion to amend his notice of appeal is denied.

---

[50]  *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 396 (1993)

[51]  *Kanoff v. Better Life Renting Corp.*, 350 Fed.Appx. 655, 657 n. 1 (3d Cir. 2009); *see, e.g.*, *Ostuni v. WaWa's Mart*, 2013 WL 1632616 at *2 (M.D. Pa. Apr. 16, 2013) (collecting cases holding that for a pro se plaintiff, "lack of law library access provides good cause in the context of Rule 4(a)(5)").

[52]  Plaintiff's offhand closing remark that "[g]ood and sufficient cause has been shown for grant" of Plaintiff's motion does not establish good cause under Fed. R. App. P. 4(a)(5).

## III.   CONCLUSION

Defendant Symons's motion to dismiss the notice of appeal is denied, and if he wishes to pursue the issue, he can attempt to do so before the Court of Appeals. Plaintiff's motion to amend the notice of appeal is likewise denied for failure to establish excusable neglect or good cause.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge